Parker, C. J.,
delivered the opinion of the Court. The question in this case is, whether the plaintiff can recover, without showing any title to the promise declared upon ; or any relation or connexion with the debtor, from which a presumption might be drawn, that the promise declared on was made to him. We put out of the case the circumstances proved at the trial, which probably had some influence in producing the nonsuit. Those circumstances were proper for the consideration of the jury, if it were necessary to give them a*y weight. We determine altogether upon the character of the paper, upon the production of which the plaintiff is willing to rest his cause.
It is not a negotiable promissory note. If it were, and had the name of the promissee on the back, the possession of it would be sufficient prima facie evidence of the plaintiff’s title.
It is not a note payable to bearer ; which would be sufficient evidence of a promise to pay the holder, unless suspicion was thrown upon his title by the maker.
It is not, then, any contract known in the law, which ex proprio vigore constitutes a promise to whomsoever shall produce it.
Its legal effect is nothing more than that of a memorandum between the parties to it, to operate as a promise to pay money, as a receipt for money, or as proof of a sum of money to be accounted for, according to the evidence offered, to show the intention of both *133 parties when it was made. On a count for money lent, money had and received, &c., it would be conclusive evidence of so much due, unless the party signing it should prove that it was * given with a different intent. The present plaintiff has not shown that it was given to him. It may have been picked up in the street; or he may have purloined it from the right iul owner.
Authorities have been read, to show, that where a contract in writing has been made and signed, but the name of the party con traded with omitted, the omission may be supplied by extrinsic evidence. Of this we have no doubt, where the name was omitted by mistake, or a wrong name inserted. And the authorities go no further. This paper was never intended to contain the name of any one but the signer. It was a personal acknowledgment between him and the person to whom it was delivered. That person alone can maintain an action upon it.
It is not expedient to widen the field of negotiable paper. Certainly none can be considered as such, but that which has acquired the quality by statute, by usage, or by the terms of the contract; and this paper, in the form in which it is-now sued, has not the sanction of either of these sources of authority.
A contract expressed in this form, “I. O. U.” was held, in England, not to be a promissory note, until an evasion of the stamp duties caused a different determination. (8)
Much learning has been shown in the argument, by the counsel on both-sides ; but the case does not seem to require it; since, according to known rules, and the common understanding of mercantile contracts, this imports no promise to the holder, without evidence to show, that it was actually given to him, or, at least, some subsisting connexion shown, from which that fact might be fairly inferred.
The motion to set aside the nonsuit is overruled.

 Fisher vs. Leslie 1 Esp. Rep. 426.