Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment recovered by Alvis, in an action of assumpsit brought by him against Hopkins.
By the assignment of errors the proceedings are questioned—
1. In the courts permitting the writ of Alvis to be amended.
2. In refusing to exclude from the jury the evidence introduced by Alvis.
3. In refusing to award a new trial.
We have no doubt the amendment complained of cannot vitiate the judgment recovered by Alvis. The amendment appears to have been allowed after the general issue was pleaded, and part of the jury sworn, and consists barely in making the damages, laid at $500 in the writ, conform to those laid in the declaration at $5000.
Had no amendment been made, it is clear, that no objection to the variance between the writ and declaration could be sustained. For, after issue joined, the rights of the parties must be decided upon the allegations contained in the pleadings, regardless of any variance which may exist between the writ and declaration.
If, therefore, the variance could not have been availing, it was certainly unnecessary for the court to direct the amendment to be made; but having done so, as it was in a matter unimportant to the interest of the parties, whether correct or not, cannot form sufficient grounds for reversing the judgment.
Wickliffe and Littell for appellant, Pope and Talbot contra.
A misprision of the clerk will be corrected if there be any thing previous to amend by; as if the declaration be file before the writ issues, the writ may be made to correspond with the declaration.
But admitting the variance to be material, we should have no doubt the court, under the circumstances of this case. were correct in allowing the amendment.
It is well settled, that where there exists any thing to amend by, any misprisions of the clerk may be amended. In this case, the declaration was filed, and a memorandum made by the attorney for Alvis conforming to the damages laid in the declaration before the emanation of the writ. The clerk, therefore, should have conformed to the memorandum, and having failed to do so, was guilty of such a misprision, as might properly be corrected.
This court is unable to perceive the grounds upon which the motion of Hopkins to exclude the evidence introduced by Alvis, can have been predicated.
It appears liable to no objection on the score of competency, and conduces clearly to prove the allegations contained in the declaration.
The motion for a new trial was made as well on the grounds of the verdict being against law and evidence, as for excessiveness of damages.
From the evidence contained in the bill of exceptions, it is apparent, however, that Alvis has not only shewn himself entitled to recover, but has proven conclusively that the damages assessed by the jury are not more than will compensate him for the injury he has sustained.
The judgment must, therefore, be affirmed with costs and damages.