*395 1. THIS is a writ of error, prosecuted to reverse a judgment, rendered after default, on summons and petition. It is assigned for error, that the suit was commenced before the note recited on the face the petition, became due. The note became due on the 14th May, 1820, and the writ or summons is dated on the 5th of May in the same year. This would ap. pear at first conclusive. But the twenty ninth year of the commonwealth is added. Had the process been *396 0n the fifth of May, it must have been the twenty eighth year. So far, one era is opposed to the other, ami were there nothing else in the record to enable us to determine which should preponderate, it might be difficult to decide between them. The law, howevc1'* requires the clerk to endorse on all papers, the time of filing them ; and the petition must have been filed before the summons could issue; because the sum., mens, in this case, recites the petition. The date of fifing, is stated by the clerk to be the fifth day of June, which, added to the great improbability, that the day of payment should be so far mistaken, leaves a strong inference, that the date of the commonwealth is right, and that by a clerical misprison, May was written in the process, instead of June, and like other mistakes of that nature, it is amendable, as there is enough to amend by, and therefore the judgment ought not to be reversed. " .
aembljs in*3" requiníig the officer to sumrsonsand petition by delivering a C°erel • direc torito him • he nee • not ’ return that - eopj — a°re & turn merely that, he has ^sufficient it carries with it the i^^'loneaU6 which the requires,
2. It is also contended that the return of the officer, does not s*low* fi)at a copy of the summons and peti. tion was served on both the defendants,, but only one of them, and that the,act of assembly requires a copy delivered to each. It is true, the sheriff return, ed, that he executed it on one of .the defendants, and delivered him a true copy of the summons and pe. t^*on* • -^-s fo the other, he states nothing more, nor I®--*8 than that he “ executed” it upon him. Although the act does "direct the officer, to execute the sum. mons and petition “ by delivering a copy,” yet this is 011^ directory to him, how the execution is to be made; and the act" no where directs, that he shall so let it ap. pear in his return. It is. therefore, sufficient, for the s!iei’lff to return.barely, that lie.has executed the proctess ; and t|iis carries with it the idea, that he has done it as directed , by law. This return, >we, there. apprehend, is sufficient; and that his stating that fie has delivered a true copy to one, is only surplus, age, and does not prove that he did not execute.the process io the same maimer on the other."
The judgment must be affirmed with costs and damages.