## HENRY W. KINSMAN, Administrator *vs.* JONATHAN WRIGHT.

The provision in the Rev. Sts. *c.* 120, § 4, which excepts from the operation of the statute of limitations an action brought by the original payee, &c. of a promissory note signed in the presence of an attesting witness, does not apply to an action by the first indorsee of a note made payable to the promisor's own order, and by him signed and indorsed in blank, at the same time, in the presence of a person who puts his name thereto, as an attesting witness to the promisor's signature on the face of the note, but not to the indorsement.

ASSUMPSIT to recover the amount of a note in these words . Boston May 5, 1830. For value received I promise to pay to my own order two hundred and fifty dollars in three months from date, and grace.                      Jona. Wright.

Witness : Albert G. Baxter.

The note was indorsed in blank by said Wright, the promisor.

It was agreed by the parties to this action that " the note was signed and indorsed by the defendant in the presence of the attesting witness, who then attested it ; that Daniel Wild, the plaintiff's intestate, was the first indorsee and holder of the note, and that it was delivered to him at the time it was made."

The question submitted to the court was, whether this case was excepted from the statute of limitations, by the provision in the Rev. Sts. *c.* 120, § 4, concerning notes signed in the presence of an attesting witness.

*Brigham,* for the plaintiff.

*Blake,* for the defendant.

SHAW, C. J.    The only question in this case is, whether the facts bring it within the exception of attested promissory notes, so as to take it out of the operation of the statute of limitations — Rev. Sts. *c.* 120, § 1. The provision in § 4, is, that the statute shall not "apply to any action brought upon a promissory note, which is signed in the presence of an attesting witness, provided the action be brought by the original payee, or by his executor or administrator."

By the note in suit, the defendant promised to pay a sum of money to his own order. His signature to this promise was

attested. This constituted no contract till indorsed by himself. *Little* v. *Rogers*, 1 Met. 108. It was the indorsement, then, which gave vitality to the note, and made it a contract; and this indorsement was not attested. The reason of the statute, in giving greater efficacy and permanancy to an attested note, and putting it upon the footing of a specialty, obviously was, that it was more deliberately and formally executed, and carried a higher degree of authenticity, in the means of proving its execution, by the testimony of the witness, or by proof of his hand writing. But to give it that effect, the *execution* of the contract must be attested by the witness. But here the indorsement, which constituted the execution of the contract, was not attested. It is indeed stated in the facts agreed, that it was indorsed at the same time that it was signed, and from this it may be inferred that the witness saw it indorsed. But this is not enough. To make an attestation to the signature thus indorsed, the witness should have attested that signature at the time, in the presence and with the assent of the indorser, and authenticated it by the signature of his own name; which he did not do. *Smith* v. *Dunham*, 8 Pick. 246.

But there is another ground, upon which we are of opinion that the case is not within the exception of the statute. The exception extends only to a case where the action is brought by the original payee, or by his executor or administrator. Can it be reasonably contended that Daniel Wild was the original payee of this note? His name no where appears in it or upon it. When duly signed and indorsed, it was like a note payable to bearer, without any payee named, and might pass by delivery, and perhaps be recovered by a *bonâ fide* holder, on the ground that, in the absence of all proof to the contrary, a consideration, moving from such holder, would be presumed. *Brown* v. *Gilman*, 13 Mass. 158. Wild took it, by force of the delivery, as bearer, and not by force of the contract, as payee.

The *St.* of 1786, *c.* 52, § 5, from which the existing statute was revised, contains the same provision, in terms perhaps somewhat more full and explicit. It excepts any note in writing, made and signed by any person, and attested by one or

more witnesses, whereby such person shall promise to pay to any other person, any sum of money. This seems to make it quite clear, that the name of the promisee, or person contracted with, is somewhere to appear in the contract. This court has already had occasion to express the opinion, upon a comparison of these enactments, that it was not the intention of the legislature to change the law on this subject, but to express the same rule, in shorter and more perspicuous terms. *Gray* v. *Bowden*, 23 Pick. 282. *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.

On both grounds, therefore, the court are of opinion that the case is not taken out of the operation of the statute of limitations, and that the statute is a good bar to the action.