CRAFTS J. WRIGHT v. OHIO & MISSISSIPPI RAILROAD CO., ET AL.

1. Where a deed of trust provides that the payment of certain bonds and interest shall be secured to the holders thereof, and that the holders of the bonds shall have the first lien on the road, and the bonds are payable to bearer, with interest coupons attached in which a payee is not mentioned, the bondholder may enforce his lien on behalf of his own interest in the bonds and interest coupons, or on behalf of any person to whom he has transferred certain of his interest coupons.
2. An interest coupon, not having a payee designated therein, is not a promissory note, nor negotiable in law.
3. The holder, by purchase, of certain interest coupons, overdue, can not, by reason of that interest alone, maintain an action in his own name, to enforce a trust, and the sale of property covered by a deed of trust, executed to secure a series of negotiable bonds, with such unnegotiable interest coupons attached.

SPECIAL TERM.—On demurrer to amended petition.

The allegations of the amended petition sufficiently appear in the decision.

*John L. Miner*, for plaintiff.

*Coffin & Mitchell*, for defendants.

GHOLSON, J. The plaintiff is the holder of fifty-seven interest warrants, or coupons, which had been attached to as many bonds issued by the Ohio & Mississippi Railroad Co., and secured by a mortgage or deed in trust upon its road. The coupons were for $35 each, became due on January 1, 1856, and were not paid. The plaintiff applied to the trustees, mentioned in the mortgage, to proceed, according to its provisions, to enforce payment of the interest. They refused, on the ground that they were not authorized to act at the instance of the holder of coupons, but only on application of those holding the bonds.

The present action is brought to compel the trustees to proceed, and upon a demurrer which has been filed to the

30

petition, the question presented is, whether the plaintiff shows such an interest, or has taken such steps as will entitle him to maintain an action.

The deed executed by the railroad company, which is set out in the petition, in substance provides that the payment of the bonds and interest shall be secured to the holders thereof, and that the holders of the bonds shall have the first lien upon the road.   The form of the bond shows an obligation to pay to Marshall O Roberts, or bearer, one thousand dollars, with interest thereon, at seven per cent., payable semi-annually, at the North River bank, in the city of New York, on the first days of January and July in each year, on presentation and delivery of the annexed dividend warrants.   The bond has the seal of the company, is signed by the president, and countersigned by the secretary.   The form of a dividend warrant is as follows:

" Warrant for thirty-five dollars, being half-yearly interest on Bond No: 1, of the Ohio & Mississippi Railroad Company, payable in New York, on the first day of January, 1856.

$35.00.            Signed,            H. H. GOODMAN,

*Sec'y O. & M. R. R. Co.*"

It appeared that the plaintiff was not, and had never been, the owner of the bonds to which the coupons had been attached.   The coupons had been cut from the bonds, and are claimed by the plaintiff, as owner and holder; but from whom they were acquired, or under what agreement, is not stated.   Mitchell was, at the time the plaintiff acquired the coupons, and of the institution of the suit, the owner of the bonds, and, it was stated by the plaintiff, in an amended petition, that Mitchell held the bonds as trustee, to the extent of the interest of the plaintiff, so as to give him all the benefit and security of the mortgage.   Mitchell was made a party defendant to the action; but it is not stated in the petition that he refused to join as plaintiff, or that he was required to take, or did take, as holder of the bonds, any steps to enforce, for the benefit of the plaintiff, the payment of the interest,

by an application to the trustees to proceed in accordance with the provisions of the mortgage.

It would probably have been within the power of the company, and might have been convenient, to have made the interest warrant, or coupon, as well as the bond itself, a negotiable instrument, transferable by delivery, and having the form and elements of a separate and independent contract. But, the question arises, has this been done? Taking the interest warrant separate and apart from the bond, is it a contract for the payment of money? It certainly is not negotiable. There are in it no such words as bearer, order, or assigns. There is no payee or contractee named, and the only one that could be intended would be the holder of the bond specified by number on the face of the warrant.

The warrant can not be considered a promissory note. It contains no express promise to pay to a person therein named, or designated, or to his order, or to bearer. If the person to whom, or to whose order, it is to be paid, is uncertain, and it depends on a contingency to whom or to whose order payment is to be made, it is not a promissory note, unless it can be treated as payable to bearer; 13 Mass. 158, *Brown* v. *Gilman;* 77 E. C. L. 842, *Storm* v. *Stirling.* Even if there were an express promise to pay, the authorities show that this instrument can not be construed as payable to bearer; Ib.

If the instrument does not show on its face an independent contract to pay, so as to sustain an action, then it must be explained by the circumstances attending its execution. It must be taken in connection with the bond to which it was attached. Being so taken, it appears to have been intended to furnish evidence by its presentation and delivery of the payment of that portion of the interest secured by the bond. It was not intended to constitute a separate and independent contract. There is a variance between the bond and the warrant which confirms this view. By the bond the interest is payable at a particular bank in the city of New York; by the warrant, generally in New York.

The bond provides for the payment of the principal, and of interest semi-annually. The interest is an incident merely, and without express terms can not be separated, so as to make two distinct contracts; one for the principal, and one for the interest. But there may be an equitable assignment of that portion of the contract which secures the interest. The holder of the bond may agree to assign the right to receive all the interest, or the interest due at a specified time, to a third person. This would give to such person an equitable claim or right in the contract, and this claim or right, in a proper form, and by a proper proceeding, may be enforced, but it must be enforced through and according to the terms of the contract.

According to the terms of the contract in this case, it is only the holder of a bond that can enforce a demand for the payment of interest, or require proceedings to be had to render available the security. Such a holder, by the assignment of a portion of his interest in the bond may have become bound to institute such proceedings or to unite in them. But he can not, by such an assignment, change the contract, or dispense with a compliance with its terms. When there is one single contract, it can not be split into several without the consent of the parties; and this rule applies as well in proceedings in equity as at law. The forms of equity may, however, afford relief to parties who have acquired an interest in a contract, which might not be obtained at law.

The action has not been brought with this view, but on an independent ground of action, supposed to exist in the plaintiff. Finding this not to be the case, the demurrer must be sustained; but there will be leave to amend.

Demurrer sustained.