CHIEF JUSTICE WHEAT
delivered the opinion of the court:
This is an appeal from a judgment of the Madison circuit court, by which the appellees recovered some land, and under which the land was conveyed to them by a commissioner.
Several objections are now taken to the judgment. We will notice them in the order as set forth.
The first error complained of, is that the depositions were taken without notice, and taken two days before the appointment of the guardian ad litem to the infant defendant, George Webber. As no exception was taken to the depositions in the *20 court below, these objections must be considered as waived, and cannot now be relied upon, for the first time, in this court.
The second error complained of, is that the action did not stand for trial at the term in which the judgment was rendered.
“Rendering judgment before the action stood for trial, according to the provisions of this Code, shall be deemed a clerical misprision.” (Civil Code, section 578.)
“ A misprision of the clerk shall not be a ground for an appeal or writ of error, until the same has been presented and acted upon in the circuit court.” (Civil Code, section 577.)
Rendering the judgment prematurely was a clerical misprision, and might have been corrected by the court below, if the correction had been applied for in the time and manner prescribed in title 12 of the Civil Code; but no such application was made, and the court below has not refused to correct the clerical misprision. No appeal lies to correct a clerical misprision, unless the court below has refused to make the correction when properly applied to for that purpose.
It is, lastly, assigned for error, that it does not appear from •the record that the infant appellant, George Webber, was over fourteen years of age, or that he had no guardian, or that the widow, upon whom the process was served, was the mother of .the said George.
We think that the reasonable presumption is, that the judgment of the court below is correct, as the. record does not show any error.
The decision of this court in the case of Lloyd’s administrator, &c., vs. McCauley’s administrator, (14 B. Monroe, 540,) is relied upon by appellant’s counsel as an authority against the judgment of the circuit court in this case. In that case the record showed what was the age of the infants, and proved the officer’s return to be illegal, which would have authorized the court below, upon the hearing of the petition for a review* to vacate and set aside the original judgment. In this case the record does not show whether the infant, George Webber, was under or over the age of fourteen years, nor whether he had a guardian or not. This court did not decide in Lloyds adminis *21 trator, &e., vs. McCauley’s administrator, that a sheriff’s return, such as is shown in this case, was illegal or insufficient. In that case the court said: “We are not prepared to say whether such a return, if made by an officer under the obligation of an oath, with the presumption of a discharge of duty in his favor, would be sufficient, nor is it now necessary; but when made by a mere agent of the officer, not acting under oath, in whose behalf no such presumptions arise, it is insufficient.”
The 81.section of the Civil Code directs, “where the defendant is an infant under the age of fourteen years, the service must be upon him and his father or guardian; or, if neither of these can be found, then upon his mother, or any other white person having the care or control of the infant, or with whom he lives. Where the infant is over fourteen years of age, service on him shall be sufficient.”
The 75th section of the Civil Code prescribes what the officer’s return must state, in these words : “ In all cases of the return of service upon a summons by an officer, the return must state the time of the service, and that a copy was delivered to or offered and refused by the defendant.” Testing the sheriff’s return in this case by the requirements of this section of the Code, it contained all that the law required him to state, whether George Webber was under or over fourteen years of age, or whether he had a guardian or not. And we think the record shows presumptively that Clarinda Webber, the widow, to whom the sheriff delivered a copy of the summons, was the mother of the infant, George Webber.
Moreover, we think that the fair presumption is, that the sheriff did his duty in serving the summons, as the law required it to be done, as it was done under the sanction of his oath of office. Before the adoption of the Code of Practice, this presumption was extended by this court to sheriffs’ returns upon process, (see Bridges, &c., vs. Ridgely, &c., 2 Littell, 396,) and we do not perceive any provision of the Code which disallows or does away with such a presumption.
If we are correct in these views, it follows that the sheriff’s return in this case was sufficient to justify the circuit court in proceeding to render the judgment now complained of.
*22 If it be true, as suggested by appellants’ counsel, that George Webber was under fourteen years of age, and had a guardian, who was not served with process, the court below can vacate the judgment at any time within twelve months after George Webber shall arrive at full age. (See title 12, Code of Practice.) So that, if errors were committed in the proceeding and judgment below, such as are alleged, and which do not appear upon the record, the infant, George Webber, is not without remedy.
The record does not show any error in the judgment of the court below to the prejudice of appellants.
■ Wherefore, said judgment is affirmed.