CASE 44————————OCTOBER 15.

# Smith vs. Mullins.

APPEAL FROM PENDLETON CIRCUIT COURT.

There is no restriction or limitation of time in the Civil Code, in reference to the correction of clerical misprisions, except as to motions made to vacate a judgment rendered upon a premature trial.

The failure of the clerk to insert in a judgment by default the amount of one of two notes sued for, is a clerical misprision, amendable by the record.

In May, 1856, suit was brought upon two notes. Defendant withdrew his answer, and permitted judgment to go. The clerk failed to insert one of the notes in the judgment. Plaintiff afterwards withdrew the note thus omitted, without leave of court, and assigned it to another who sued upon it, when the judgment of 1856 was relied on as a bar, and the defense sustained by the court. After this—in October, 1859—the payee of the note, plaintiff in the first suit, upon rule for that purpose, moved for the correction of the judgment of 1856 so as to embrace the omitted note. The circuit court allowed the correction asked for. *Held*—that the correction was properly allowed.

A. G. ROBERTS, for appellant, cited *Civil Code, secs.* 369 *and* 373.

JNO. E. RECORDS, for appellee, cited *Civil Code, secs.* 577, 580.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

In May, 1856, Mullins sued Smith upon two notes, setting up both in the same petition, but in distinct paragraphs. Smith appeared and answered, but subsequently withdrew his answer, and permitted judgment to go. The clerk, however, in making the order of judgment, failed to notice the smaller note, and only entered judgment for the amount of the larger one—reciting in the judgment that that was the amount claimed in the petition.

Afterwards, Mullins withdrew the note thus omitted without leave of court, and assigned it to Fennessy, who sued Smith thereon in the quarterly court, and obtained judgment. From that judgment Smith appealed to the circuit court, and there relied on the judgment of 1856 as a bar to Fennessy's action. The circuit court held the defense good, and dismissed Fennessy with costs.

Smith vs. Mullins.

After this—in October 1859—Mullins took a rule against Smith to show cause why the judgment of May, 1856, should not be so corrected as to embrace the small note.

To this rule Smith responded, resisting the correction asked for; relied upon the lapse of time; denied that Mullins had any interest in the matter in dispute, having assigned the note to Fennessy, and insisted that the judgment was beyond the power of the court—more than three terms having passed since its rendition.

The response was objected to as insufficient, and so held by the court below; and the rule having been made absolute, and the correction made, Smith has brought the case up.

It is evident that the failure of the clerk to insert the amount of the note in question in the judgment of May, 1856, was a clerical misprision, amendable by the record itself. (2 *Mar.*, 374; 13 *B. Mon.*, 332; 16 *B. Mon.*, 334.)

And it is also clear that the lapse of time was no bar to the amendment.

*Section* 579 *of the Civil Code* declares that the court in which a final judgment or order has been rendered shàll have power, after the expiration of the term, to vacate or modify such judgment or order upon eight distinct grounds enumerated in *sub-divisions of said section from* 1 *to* 8 inclusive. Among them are misprisions of the clerk, named in *sub-division* 3.

*Section* 580 authorizes the correction of such misprisions, upon motion, after reasonable notice to the adverse party, ànd declares that such motions—when made to vacate a judgment rendered upon a premature trial—can only be made within the first three days of the next succeeding term, but fails to impose any limitation whatever upon motions to correct clerical misprisions of any other class. Nor is there elsewhere in the Code of Practice any restriction or limitation of time in reference to the correction of clerical misprisions, except the class above referred to.

The limitations contained in *sections* 371–373 do not, as is supposed, apply to motions for the correction of misprisions—they relate only to motions for new trials as provided for in *section* 369.

The objection that Mullins was not interested in the judgment sought to be corrected was equally unavailing. The response shows not only that he was the plaintiff therein, but also that the note which had been attempted to be assigned to Fennessy was merged in the judgment; and moreover, it is obvious from the allegations of the response, that Mullins was interested in the collection of the note as assignor, if the note could be regarded as having any existence. Fennessy had been defeated in its collection by the defense set up by Smith, and if Mullins stood in the attitude of assignor upon a note, he was not only liable to Fennessy for the consideration of the assignment, but had the right to look to his judgment against Smith for protection.

In no aspect of the case did the response present any obstacle to the correction sought for, and the circuit court very properly made the rule absolute, and allowed the correction asked for.

Judgment *affirmed*.