## CUTLER v. WELSH.

A note given for money lent for gambling purposes can not be recovered.

A note given as a renewal of such a note to the same party can not be recovered.

No exception lies on account of any error in stating the evidence to the jury, unless the attention of the judge is called to it at the time.

IN ASSUMPSIT. The plaintiff, John G. Cutler, kept a gambling place in Exeter. On the 14th of March 1860, the defendant, Nathaniel Welsh, being indebted to the plaintiff in $195 for various sums borrowed by him of the plaintiff for the purpose of gambling there, and having lost the money by gambling with the plaintiff and others, most of it to the plaintiff, went at the plaintiff's request to Mr. Wood's office, and gave his note for the money, and for a further sum of $9.25, payable to Wood or order, at the Granite Bank in Exeter in four months. Wood had however no interest in the note. The plaintiff testified, that he received the money on the note of March 14. When this note was about to fall due at the bank, the plaintiff met the defendant and said to him, "If you

want money to take up that note, I will let you have it," and accordingly let him have the money and took the defendant's note, dated July 17, 1860, for $205, on which this action is brought; and Welsh testified, that with the money thus obtained of the plaintiff, he took up the note of March at the Granite Bank, on the 17th of July.

The court instructed the jury that if the plaintiff knowingly lent the defendant money for the purpose of gambling in this State, he could not recover it back by a suit. A note given for the money could not ,be recovered by the lender. If the note remained the property of the lender, and the money was borrowed of him to pay it, for which the last note was given, the plaintiff could not recover.

The court declined to instruct the jury that the plaintiff could recover the money, if lent for gambling purposes, or if the note was given for money lent for such purposes. The court declined to instruct the jury that the first note was the property of the bank. The court, it is said, repeated a part of the evidence to the jury inaccurately, but neither party corrected the remark. The verdict was for the defendant.

*Wood*, for the plaintiff.

*Towle*, for the defendant.

BELL, C. J. We regard the law as settled, that no person can recover money which he has knowingly lent to another to be used for the purpose of gambling. *Peck* v. *Briggs*, 3 Denio 107 ; *Buckman* v. *Bryan*, 3 Denio 340 ; *McKinnell* v. *Robinson*, 3 M. & W. 434; *Langton* v. *Hughes*, 1 M. & S. 593 ; *Gas Co.* v. *Turner*, 5 Bing. N. C. 566 ; *DeBegnis* v. *Armistead*, 10 Bing. 107 ; *Cannan* v. *Brice*, 3 B. & Ald. 179 ; *White* v. *Buss*, 3 Cush. 448.

If a note is given for the money so borrowed, it can not be recovered by the lender; it might be otherwise, if transferred to a *bonâ fide* indorsee. *Hay* v. *Ayling*, 3 E. L. & E. 416.

If a note is given as a renewal of the first, it would be equally illegal with the first. *Hill* v. *Buckminster*, 5 Pick. 391 ; *Bridge* v. *Hubbard*, 15 Mass. 96 ; *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.

If the note had become the *bonâ fide* property of the bank, and the plaintiff had ceased to have any interest in it, his loan of the money to pay it would be a distinct and independent transaction and recoverable. But if the note still remained his property, the lending of the money to pay it and the taking a new note would be a mere renewal, and the infirmity of the original note would still affect the new note. *Hay* v. *Ayling*, above.

The instructions asked as to the recovery of money lent for gambling purposes are in conflict with the principles stated, and could not properly be given.

It was no part of the duty of the court to give instructions to the jury as to the facts of the case. The jury must judge for themselves, what facts were proved and what were not.

No exception can be taken on account of any defective or erroneous statement of the evidence by the judge, unless his attention is called to it at the time. Here both the counsel heard the remark now objected to, and no correction was suggested. The time to object was when the remarks were made, and the counsel must be understood as assenting that the error is unimportant, if he does not think it worth his while to correct it on the spot.

*Judgment on the verdict.*