NANCY DAGGETT, administratrix, *vs.* JOHN DAGGETT.

Bristol. Oct. 23, 1877. — March 2, 1878. LORD & SOULE, JJ., absent.

The following memorandum, written upon the back of a promissory note, and signed in the presence of an attesting witness, " I hereby renew the within note," is a witnessed promissory note within the statute of limitations, Gen. Sts. *c.* 155, § 4.

CONTRACT, by the administratrix of Lucius Daggett, upon the following promissory note :

" Attleborough, Dec. 4, 1860. For value received I promise to pay Lucius Daggett two hundred and fifteen dollars and eighty-eight cents on demand with interest, being renewal of note dated Dec. 5, 1854. John Daggett."

On the back was this memorandum : " December 3, 1866. I hereby renew the within note.

" Attest, J. W. Capron. John Daggett."

Writ dated May 25, 1876. At the trial in the Superior Court, without a jury, before *Rockwell,* J., the defendant contended that the writing on the back of the note would not prevent the original note from being barred by the statute of limitations , but the judge ruled otherwise, and ordered judgment for the plaintiff ; and the defendant alleged exceptions.

*J. Daggett, pro se.*

*H. J. Fuller,* for the plaintiff.

MORTON, J. The question presented in this case is, whether the memorandum, written by the defendant upon the back of the promissory note signed by him, and attested by a witness, is to be deemed " a promissory note signed in the presence of an attesting witness " within the meaning of the Gen. Sts. *c.* 155, § 4. We are not aware of any case which can be said to be decisive of this question. But there are two cases decided by this court which illustrate it, and which will furnish us some aid in deciding it.

In *Gray* v. *Bowden*, 23 Pick. 282, it was held that a memorandum on the back of a promissory note, in these words, " I acknowledge the within note to be just and due," signed by the maker and attested by a witness, was not a promissory note signed in the presence of an attesting witness, within the statute of limitations.   The reason given was that " there are no express promissory words.  It is not therefore a note in writing promising to pay money, or a promissory note.  It is merely an acknowledgment, from which a promise might be inferred, so as to take the old note out of the statute, which would extend it six years, but not an attested note."

In *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21, it was held that a memorandum written on a note by the maker in these words, " For value received, I hereby acknowledge this note to be due, and promise to pay the same on demand," and signed in the presence of an attesting witness, was a promissory note within the statute.   The court state that the term "promissory note" in the statute is not to be limited strictly to negotiable notes, but was intended to apply to any note in writing by which one promises to pay money to another, and that the memorandum was a promissory note for these reasons : " It is made on good consideration, viz., the payment of an existing note, then near being barred, and purports to be for value received.  It is a promise to pay a sum of money on demand.   The sum and the name of the payee are not expressed in words; but they are expressed with equal exactness and certainty by reference to the note on the same paper.   *Grinnell* v. *Baxter*, 17 Pick. 386.   It is a new promise, in writing, on a good consideration, to pay a certain sum of money to a certain company on demand, and signed in the presence of an attesting witness.   It is a note, on which, if properly set out in a declaration, an action would lie."

It is readily seen that the case at bar falls between the two cases we have cited above, and near the dividing line.  Upon which side of the line it falls is a question not free from difficulty ; but, upon the whole, we are of opinion that it is within the principle of *Commonwealth Ins. Co.* v. *Whitney.*

The test question is, Are the words of the memorandum merely an acknowledgment admitting that an old debt is due, or do they import a promise by the defendant to pay money to the

plaintiff's intestate? If they import a promise, then here, as in *Commonwealth Ins. Co.* v. *Whitney*, there is a good consideration, and the sum, the name of the payee and the time are expressed with certainty by reference to the original note on the same paper. The words, "I renew the within note," mean something more than the words, "I admit the within note to be due." A common meaning of the word "renew" is to make again, as to renew a treaty or a covenant.

Suppose the parties to a lease should, at its expiration, indorse upon the lease the words, "We hereby renew the within lease for one year." Would not this be a present promise to perform the terms of the lease for the time named? If the defendant had written out in full the promise to pay the amount of the old note, on demand with interest, he might properly describe this as a "renewal," as he did in his note of December, 1860. By the brief and comprehensive phrase, "I hereby renew the within note," we think he intended the same thing, and that it imports that he promises anew to pay the amount of the note, and not merely an admission that the old note is unpaid. It follows that the note in suit was not barred by the statute of limitations. *Warren Academy* v. *Starrett*, 15 Maine, 443.

*Exceptions overruled.*