CHARLES ALMY *vs.* GEORGE F. WINSLOW.

Bristol. Oct. 23, 1878. — March 3, 1879.  ENDICOTT & LORD, JJ., absent.

The following instrument, signed in the presence of an attesting witness, "On demand with interest please pay J. S. or order fifty-five dollars," is a witnessed promissory note, within the statute of limitations, Gen. Sts. c. 155, § 4.

CONTRACT on the following instrument, declared on as a promissory note: "New Bedford, April 26, 1870. On demand

with interest for value received please pay Charles Almy or order fifty-five and 33-100 dollars. George F. Winslow.

" Witness, Asa C. Smith."

Writ dated March 28, 1877, and returnable to the Superior Court. The defendant demurred, on the ground that the declaration set forth no legal cause of action. The court overruled the demurrer; and the defendant alleged exceptions.

The defendant then filed an answer, admitting the execution of the paper declared on, and that the same was for a valid consideration; and alleging that the cause of action did not accrue within six years. At the trial, before *Gardner*, J., without a jury, the judge ruled that the instrument declared on was a witnessed promissory note, and was not barred by the statute of limitations; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*C. W. Clifford*, for the defendant.

*C. Almy, Jr.*, for the plaintiff.

SOULE, J. The only question in this case is, whether the instrument sued on is or is not a witnessed promissory note. That it is witnessed is admitted. The controversy is as to the legal effect to be given to its terms. It does not purport to be a mere acknowledgment of the existence of a debt, and is admitted to have been given for a valuable consideration. It is in the form of a draft or bill of exchange, except that it is not addressed to or drawn upon any one, and therefore lacks one essential characteristic of a bill. It is not in the ordinary form of a promissory note, for it is not in express terms a promise, but a request to pay. It is familiar law, however, that no particular form of words is necessary to constitute a promissory note. There need not be a promise in express terms, it being sufficient if an undertaking to pay is implied in the contents of the instrument. *Daggett* v. *Daggett*, 124 Mass. 149. *Franklin* v. *March*, 6 N. H. 364. *Carver* v. *Hayes*, 47 Maine, 257. *Russell* v. *Whipple*, 2 Cowen, 536. *Brooks* v. *Elkins*, 2 M. & W. 74.

The instrument sued on was intended by the parties to take effect as a contract. The language imports this; and no other inference can be drawn from the fact that it was given for value. It cannot operate as a draft, check, or bill of exchange, because there is no drawee. One who signed an acceptance on it would

not be liable as acceptor of a bill. *Peto* v. *Reynolds*, 9 Exch. 410. To be operative at all, as a contract, it must be as a promissory note. It was said in *Edis* v. *Bury*, 6 B. & C. 433, by Lord Tenterden, that, "where a party issues an instrument of an ambiguous nature, the law ought to allow the holder, at his option, to treat it either as a promissory note or a bill of exchange." In that case, the instrument was in the form of a promissory note, but had been accepted by a person whose name had been written on the corner of the paper at which the name of the drawee of a bill is usually placed; the maker, being sued, contended that he was discharged for want of notice of dishonor as drawer of a bill. The court decided otherwise. To the same effect is the decision in *Lloyd* v. *Oliver*, 18 Q. B. 471. It has been repeatedly held, that, where the drawer and drawee of an instrument in the form of a bill of exchange are the same person, it may be declared on as a promissory note. *Miller* v. *Thomson*, 3 Man. & Gr. 576. *Allen* v. *Sea Assur. Co.*, 9 C. B. 574. *Fairchild* v. *Ogdensburgh, &c. Railroad*, 15 N. Y. 337. The reason is obvious. The drawer of a bill on another assumes only a conditional liability; his contract is that he will pay if duly notified of dishonor of the draft; but when the drawer is the drawee too, such notice would be an empty form, and his undertaking is not conditional, but absolute. The doctrine of the cases cited above on this point is recognized and approved in *Commonwealth* v. *Butterick*, 100 Mass. 12.

In view of the foregoing authorities, there seems to be no injustice in holding that an instrument in the form of that sued on is to be regarded, in passing upon the rights of the signer and the payee, as a promissory note. The signer, having made the instrument in the form of a bill of exchange, but without addressing it to any one as drawee, may properly be held to have intended to assume the absolute liability to pay, which he would have assumed if he had addressed the instrument to himself. Any other view makes the instrument valueless. It does not contain anything which informs the payee what is to be done in order to fix the liability of the signer. If the undertaking of the signer is not absolute, it is nothing.

In the case of *Ball* v. *Allen*, 15 Mass. 433, the opinion of *Parker*, C. J., contains some expressions apparently inconsistent

with the views here stated. The decision in that case, however, went upon the failure to prove that the instrument declared on was ever delivered by the defendant, or that there was any consideration for it, and the expressions referred to were wholly unnecessary.

In the later case of *Ellis* v. *Wheeler*, 3 Pick. 18, the action was on an instrument in terms a check, as follows: "Memdm. State Bank. No.    100 Dolls.    cts.    May 29, 1819. Pay to Capt. Cazneau or bearer one hundred dollars. Elisha Wheeler. To the cashier." The word State was cancelled. The instrument was therefore in the form of a check not addressed to any person or corporation. The plaintiff came into possession of it five years after it was made. The declaration contained money counts, and counts on the instrument as a promissory note and as a bill of exchange. The court, without expressing an opinion on the special counts, sustained the action on the count for money had and received. This can be upheld only on the ground that the instrument was negotiable and imported an absolute undertaking by the signer, and was in effect, though not in apparent form, a promissory note.

We are of opinion that the instrument sued on was in legal effect a promissory note, and that, being duly attested, action on it was not barred by the statute of limitations.

*Exceptions overruled.*