|151  115|
|160  441|

EDWARD A. GAY *vs.* JOHN R. ROOKE.

Middlesex.    January 8, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Interest — Demand.*

The following instrument, "I. O. U., E. A. Gay, the sum of seventeen dolls. $\frac{5}{100}$, for value received.  John R. Rooke," — is an acknowledgment of debt by the maker, and not a promissory note.

Interest will be computed in an action on such an instrument, in the absence of contract, usage, fraud, or an earlier demand, from the date of the writ only.

CONTRACT on the following instrument, declared on as a promissory note: " Marlboro', Sept. 23, 1881.   I. O. U., E. A. Gay, the sum of seventeen dolls. $\frac{5}{100}$, for value received.   John R. Rooke."

Writ dated September 19, 1887.   At the trial in the Superior Court, without a jury, before *Dewey*, J., the only issue was whether the plaintiff was entitled to interest from the date of the instrument, or from that of the writ, the service of which was the only demand made by the plaintiff.

The plaintiff asked the judge to rule, as matter of law, that he was entitled to interest from the date of the instrument. The judge declined so to rule, and ruled that interest could be recovered from the date of the writ only, and found for the plaintiff for $17.05 only; and the plaintiff alleged exceptions.

*H. S. Fay,* for the plaintiff.

*I. B. Forbes,* ( *C. S. Forbes* with him,) for the defendant.

DEVENS, J.   In order to constitute a good promissory note there should be an express promise on the face of the instrument to pay the money.   A mere promise implied by law, founded on an acknowledged indebtedness, will not be sufficient.   Story, Prom. Notes, § 14.   *Brown* v. *Gilman*, 13 Mass. 158.   While such promise need not be expressed in any particular form of words, the language used must be such that the written undertaking to pay may fairly be deduced therefrom. *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.   In this view

the instrument sued on cannot be considered a promissory note. It is an acknowledgment of a debt only, and, although from such an acknowledgment a promise to pay may be legally implied, it is an implication from the existence of the debt, and not from any promissory language. Something more than this is necessary to establish a written promise to pay money. It was therefore held in *Gray* v. *Bowden*, 23 Pick. 282, that a memorandum on the back of a promissory note, in these words, " I acknowledge the within note to be just and due," signed by the maker and attested by a witness, was not a promissory note signed in the presence of an attesting witness within the meaning of the statute of limitations. In England an I. O. U., there being no promise to pay embraced therein, is treated as a due bill only. The cases, which arose principally under the stamp act, are very numerous, and they have held that such a paper did not require a stamp, as it was only evidence of a debt. 1 Danl. Neg. Instr. (3d ed.) § 36. 1 Randolph, Com. Paper, § 88. *Fesenmayer* v. *Adcock*, 16 M. & W. 449. *Melanotte* v. *Teasdale*, 13 M. & W. 216. *Smith* v. *Smith*, 1 F. & F. 539. *Gould* v. *Coombs*, 1 C. B. 543. *Fisher* v. *Leslie*, 1 Esp. 425. *Israel* v. *Israel*, 1 Camp. 499. *Childers* v. *Boulnois*, Dowl. & Ry. N. P. 8. *Beeching* v. *Westbrook*, 8 M. & W. 411.

While in a few States it has been held otherwise, the law as generally understood in this country is, that, in the absence of any statute, a mere acknowledgment of a debt is not a promissory note, and such is, we think, the law of this Commonwealth. *Gray* v. *Bowden*, 23 Pick. 282. *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21. *Daggett* v. *Daggett*, 124 Mass. 149. *Almy* v. *Winslow*, 126 Mass. 342. *Carson* v. *Lucas*, 13 B. Mon. (Ky.) 213. *Garland* v. *Scott*, 15 La. An. 143. *Currier* v. *Lockwood*, 40 Conn. 349. *Brenzer* v. *Wightman*, 7 Watts & Serg. 264. *Biskup* v. *Oberle*, 6 Mo. App. 583. Some States have by statute extended the law of bills and promissory notes to all instruments in writing whereby any person acknowledges any sum of money to be due to any other person. 1 Randolph, Com. Paper, § 88. Rev. Sts. Ill. 1884, c. 98, § 3. Gen. Sts. Col. 1883, c. 9, § 3. Rev. Sts. Ind. 1881, § 5501. Code, Iowa, 1873, § 2085. Rev. Code, Miss. 1880, §§ 1123, 1124.

We have no occasion to comment upon those instruments in

which words have been used or superadded from which an intention to accompany the acknowledgment with a promise to pay has been gathered, or where the form of the instrument fairly led to that conclusion. *Daggett* v. *Daggett*, 124 Mass. 149. *Almy* v. *Winslow*, 126 Mass. 342. No such words exist in the instrument sued, nor is it in form anything but an acknowledgment. The words " for value received " recite indeed the consideration, but they add nothing which can be interpreted as a promise to pay. It is therefore unnecessary to consider whether, if the paper were a promissory note, interest should be calculated from its date. Upon this point we express no opinion. If it is to be treated as an acknowledgment of debt only, as we think it must be, the plaintiff is not entitled to interest except from the date of the writ. Even if it was the duty of the defendant to have paid the debt on demand, yet if no demand was made, if no time was stipulated for its payment, if there was no contract or usage requiring the payment of interest, and if the defendant was not a wrongdoer in acquiring or detaining the money, interest should be computed only from the demand made by the service of the writ. *Dodge* v. *Perkins*, 9 Pick. 368. *Hunt* v. *Nevers*, 15 Pick. 500. " In general," says Chief Justice Shaw, " when there is a loan without any stipulation to pay interest, and where one has the money of another, having been guilty of no wrong in obtaining it, and no default in retaining it, interest is not chargeable." *Hubbard* v. *Charlestown Railroad*, 11 Met. 124. *Calton* v. *Bragg*, 15 East, 222. *Shaw* v. *Picton*, 4 B. & C. 715. *Moses* v. *Macferlan*, 2 Burr. 1005. *Walker* v. *Constable*, 1 Bos. & P. 306.

*Exceptions overruled.*