GEORGE M. BRYNE *vs.* JAMES L. BRYNE.

Suffolk.    March 10, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Bills and Notes.    Contract,* In writing.    *Evidence,* Extrinsic affecting writings.
   *Words,* "Payable."

The following instrument, " Boston, Mass., September 3, 1903.    Borrowed and re-
   ceived from George M. Bryne, five hundred and eighty-five dollars, payable
   April 1, 1904, with interest at six per cent.    J. L. Bryne," is as matter of law
   a non-negotiable promissory note, and its maker, when sued on it as such, can-
   not be allowed to show that he intended it to be only a memorandum.

CONTRACT for $585 with interest at the rate of six per cent
per annum from April 1, 1904.    The declaration contained two
counts, the first for the amount named, alleged to be a balance
found to be due to the plaintiff by the parties on an accounting
together, and the second as follows: "And the plaintiff says
that the defendant made a promissory note payable to the plain-
tiff, a copy whereof is hereto annexed marked Exhibit A, and the
plaintiff says that the defendant owes him thereon the amount
of said note and interest thereon as therein stipulated when pay-
ment of the same was duly demanded from April 1, 1904, to the
date of this writ."    Writ in the Municipal Court of the City of
Boston dated April 9, 1909.

The instrument, of which a copy was annexed to the second
count and marked Exhibit A, was as follows:

   " George M. Bryne
      Contractor for public works
      Room 802                          Boston, Mass., September 3, 1903.
      7 Water Street.

         Borrowed and received from George M. Bryne, five hun-
dred and eighty-five dollars, payable April 1, 1904, with interest
at six per cent.
                                             J. L. Bryne."

On appeal to the Superior Court the case was tried before
*Sanderson,* J.    It appeared that the plaintiff and the defendant
were brothers, and each of them testified.

On the cross-examination of the plaintiff the defendant's
counsel asked him in various forms whether the instrument de-

clared upon in the second count was not given by the defendant to the plaintiff as a mere memorandum of the amount due and not as a note. These questions were objected to by the plaintiff's counsel, and were excluded by the judge. The defendant excepted. The defendant testified that the plaintiff asked him for a note; that he refused to give him a note, but said that he was willing to give a memorandum of the amount which the plaintiff claimed as due to him, and that he then wrote the paper and handed it to the plaintiff.

The defendant moved that the plaintiff should be required to elect on which count he would stand, and the plaintiff thereupon elected to stand on the second count of his declaration. The judge then ordered a verdict for the plaintiff for the amount of the alleged note with interest, amounting in all to $836. The defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Crowley & D. T. O'Connell*, for the defendant.

*J. T. Auerbach, H. S. MacPherson & J. B. Mahar*, for the plaintiff.

MORTON, J. It is plain, we think, that the instrument declared on is a promissory note. It is not a negotiable promissory note and is not declared on as such. The word "payable" in the connection in which it occurs imports a promise by the maker to pay at the time fixed the sum named. The promise is not one implied by law from an acknowledgment of indebtedness, but is the maker's own promise. It is not contended that the other elements necessary to constitute a promissory note are not included in the instrument declared on. See *Kimball* v. *Huntington*, 10 Wend. 675; *Mitchell* v. *Rome Railroad*, 17 Ga. 574; *Carver* v. *Hayes*, 47 Maine, 257; *Pepoon* v. *Stagg*, 1 Nott. & McC. 102; *Cowan* v. *Hallack*, 9 Col. 572; *Waithman* v. *Elsee*, 1 C. & K. 35; *Richer* v. *Voyer*, L. R. 5 P. C. 461, 476. The question whether the instrument was or was not a promissory note was one of law for the court and evidence that it was intended by the defendant as a memorandum merely was rightly excluded.

*Exceptions overruled with double costs and interest at twelve per cent.*