## Ross v. Ross, et al.

(Decided November 4, 1915.)

### Appeal from Muhlenberg Circuit Court.

1. Judgment—Suit to Enjoin Collection of.—The circuit court has jurisdiction of an action to enjoin the collection of an execution issued from an inferior court on a void judgment, but not one issued on an erroneous judgment.

2. Pleading—In Justices' Courts—Petition—When Necessary—Effect of Failure to File.—Under section 705 of the Civil Code if the matter in controversy does not exceed $50, the pleadings may be oral, but if the amount is more than $50 the pleadings should be in writing; but where the writing or claim that is the basis of the action is filed with the magistrate, the judgment is not void merely because the plaintiff failed to set out in a petition his cause of action.

3. Pleading—Practice—In Inferior Courts—Not Strictly Judged.— Proceedings in inferior courts are not to be strictly judged, and unless it appears that the rights of the parties have been prejudiced by the failure to observe correct rules of practice, errors in this respect will be treated as immaterial.

4. Judgment—Premature—When Collection of Cannot be Enjoined.— The rendition of a judgment before a case stands for trial is not ground for enjoining its collection. It is merely a clerical misprision to be corrected in the court rendering the judgment.

DOYLE WILLIS for appellant.

TAYLOR, EAVES & SPARKS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, as plaintiff, brought this suit to enjoin the collection of an execution issued against him in favor of the appellee, Alaska Ross. The circuit court dismissed the petition, and he appeals.

There is no dispute as to the facts. It appears that the appellant executed a note for $55 to one Rane Jones. This note came into the possession of one Alexander, the record not showing how, as it was not endorsed by or assigned to Alexander in writing by Jones. Alexander, by endorsement on the back of the note, transferred it to Alaska Ross, who brought suit on it in the South Carrollton police court. No petition was filed, the note only being filed with the police judge, who issued summons against the appellant, which summons was executed on December 28, 1887. On January 6, 1888, judgment was

rendered by default, and on this judgment from time to time executions were issued and returned "no property found," until finally one was issued, the collection of which is here sought to be enjoined.

The appellant insists that the judgment in the police court was void, and therefore the collection of the execution should have been enjoined. If the judgment was void, the circuit court had jurisdiction in this action to enjoin the collection of this execution. If, however, the judgment was merely erroneous and not void, the circuit court did not have jurisdiction to enjoin its collection.

Section 705 of the Civil Code provides that, "If the matter in controversy does not exceed fifty dollars, the pleadings in the action may be oral and without verification. But before the summons is issued the plaintiff shall file in the court the account, or the written contract, or a short written statement of the facts, on which the action is founded."

In Bracy v. Bracy, 12 Bush, 153, it was said that under this section when the amount in controversy is more than fifty dollars, the pleadings must be in writing; and clearly it is the proper practice when the amount in controversy exceeds fifty dollars, as in this case, to file a petition in the manner and form required by section 90 of the Civil Code; but, manifestly, where the writing, or claim, or account that is the basis of the action is filed with the magistrate and summons issued thereon, the judgment is not to be treated as void merely because the plaintiff failed to set out in a petition his cause of action. The police court had jurisdiction of the subject-matter of the action and the parties, and the failure to file a petition on the note was not substantial error, although if the defendant in the suit had moved the court to require a petition to be filed, the court should have done so.

Proceedings in these inferior courts are not to be judged by the same rules of strictness that would apply to suits in the circuit court, and unless it appears that the rights of the parties have been prejudiced by the failure to observe correct rules of practice, errors in this respect will be treated as immaterial. It seems that the judgment on this note was entered nine days after the service of summons, when it should not have been entered until ten days afterwards. But this premature judgment was not a void judgment. The rendition of a judgment before a

case stands for trial is not ground for enjoining the collection of the judgment, and in this case it was merely a clerical misprision to be corrected by a motion made in seasonable time in the court rendering the judgment: Webber v. Webber, 1 Met., 18; Smith v. Mullins, 3 Met. 182; Com. v. Caudill, 121 Ky., 537.

Nor does the fact that the note was not assigned in writing by Jones to. Alexander furnish any reason for granting the relief sought in this action. The defendant, if he desired so to do, should have raised this question in the police court.

Wherefore the judgment is affirmed.