HENRY A. McDONALD *vs.* PAUL HANAHAN.

Middlesex.   February 6, 1952. — April 2, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Limitations, Statute of. Payment. Bond,* United States bond. *Bills and
Notes,* What constitutes promissory note.

By reason of Federal regulations, certain United States savings bonds,
"Series E," were not transferable by their owner and could not be
assigned by him in payment of a debt, and delivery and acceptance of
the bonds purportedly as part payment of a debt did not constitute
part payment and did not toll the statute of limitations.

An instrument reciting the receipt of a specified sum from a named person
as a loan, "payments arrangements to follow at later date," and signed
by the borrower and two witnesses was a nonnegotiable promissory
note, and the twenty year statute of limitations under G. L. (Ter. Ed.)
c. 260, § 1, was applicable in an action by the lender on such instrument.

CONTRACT.   Writ in the District Court of Lowell dated
December 28, 1948.

The action was heard by *McWalter,* J.

*J. F. Donohoe,* for the plaintiff.

*P. P. Weiss,* for the defendant.

WILKINS, J.   On August 18, 1941, the defendant received
from the plaintiff the sum of $500, for which the defendant
gave the plaintiff the following instrument signed by the
defendant and the two individuals whose names appear
thereon as witnesses:

> August 18, 1941
> Rec. of H. A. McDonald ($500) Five hundred
> dollars as a loan, payments arrangements to follow
> at later date.
>                    Signed:        PAUL HANAHAN
> Witness:
>    RAY HANAHAN
>    THOMAS HANAHAN.

This action of contract is in two counts. Count 1 is for money lent, and count 2 is upon the written instrument, credit being given for $56.25 for three United States savings bonds, Series E, maturity value $25 each, described as received on account. One of the defences set up in the answer is that the cause of action did not accrue within six years before the commencement of the action. G. L. (Ter. Ed.) c. 260, § 2.

The District Court judge found that the defendant was in the merchant marine from 1943 to 1945; that in August, 1945, when the defendant came out of the merchant marine, he talked for the first time with the plaintiff relative to repayment of the loan; and that the bonds were then given and accepted in part payment. He found for the plaintiff in the amount of $443.75, with interest on the balance due from August, 1945, stating that whether the plaintiff could have cashed these bonds, which were not transferable, is immaterial so far as the statute of limitations is concerned. The Appellate Division vacated the finding for the plaintiff and ordered judgment for the defendant. The plaintiff appealed.

Under the United States Treasury Regulations, which were brought to the notice of the District Court judge, he correctly ruled that the bonds were not transferable and could not be pledged or assigned in payment of a debt. Treasury Regulations Department Circular No. 530, revised, §§ 315.2, 315.11, 315.12, 315.13, 10 Fed. Reg. 1956. *Reynolds* v. *Reynolds*, 325 Mass. 257, 262. It was error, however, to regard them as part payment, and the Appellate Division rightly held that the receipt of the bonds could not operate to toll the statute of limitations. The theory by which part payment removes the bar of the statute is that "The payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance." *Day* v. *Mayo*, 154 Mass. 472, 474. *Credit Service Corp.* v. *Barker*, 308 Mass. 476, 478. But to have that effect there must be an actual payment of money or its equivalent; there must be something of value

McDonald *v.* Hanahan.

passing between the parties which in fact reduces the debt. *Blanchard* v. *Blanchard,* 122 Mass. 558, 562.

The Appellate Division erred, however, in ordering judgment for the defendant. We pass by the question whether the cause of action accrued when the instrument was delivered or whether an actual demand was contemplated with the consequence that the six year statute may not have run. *Little* v. *Blunt,* 9 Pick. 488, 490. *Codman* v. *Rogers,* 10 Pick. 112, 119. *Emmons* v. *Hayward,* 6 Cush. 501, 504. *Shaw* v. *Silloway,* 145 Mass. 503, 507–508. *Campbell* v. *Whoriskey,* 170 Mass. 63, 67. Many of the cases are collected in a note in 159 A. L. R. 1021. In any event, the case falls within the twenty year statute of limitations, which applies to actions upon promissory notes signed in the presence of an attesting witness if brought by the original payee. G. L. (Ter. Ed.) c. 260, § 1.

The instrument in suit is not payable at a time certain, and, therefore, is not negotiable. G. L. (Ter. Ed.) c. 107, § 23. But it is nevertheless within G. L. (Ter. Ed.) c. 260, § 1. *Commonwealth Ins. Co.* v. *Whitney,* 1 Met. 21, 22. *Sibley* v. *Phelps,* 6 Cush. 172, 173. *Moore* v. *Edwards,* 167 Mass. 74, 75–76. *Pierce* v. *Talbot,* 213 Mass. 330, 331. The real question is whether the instrument is a promissory note or nothing more than a receipt or acknowledgment of the indebtedness. See *Brown* v. *Gilman,* 13 Mass. 158; *Gray* v. *Bowden,* 23 Pick. 282. To constitute a good promissory note there should be deducible from its face a written promise to pay the money, yet that promise need not be expressed in any particular form of words, and it will be enough if from the language used a written undertaking to pay may be fairly inferred. *Daggett* v. *Daggett,* 124 Mass. 149. *Almy* v. *Winslow,* 126 Mass. 342, 343. *Gay* v. *Rooke,* 151 Mass. 115. *Bryne* v. *Bryne,* 209 Mass. 179, 180. Britton, Bills and Notes, § 10. Daniel, Negotiable Instruments (7th ed.) § 36.

In the case at bar, we are dealing with more than a mere acknowledgment of indebtedness. After a recital of the receipt of the money as a loan, there is the statement, "pay-

ments arrangements to follow at later date." This means that the defendant promises to repay the loan, very likely in instalments, but that the precise details are left to be worked out in the future. This would mean within a reasonable time. See *Page* v. *Cook*, 164 Mass. 116, 117. It is, therefore, a valid promissory note. The District Court judge rightly denied the defendant's sixth request for a ruling to the effect that the plaintiff's right of action under count 2 was barred by the statute of limitations. There also was no error in the denial of the defendant's two other requests relating to count 2, which were in substance that a finding for the plaintiff was not warranted. The plaintiff is entitled to recover on count 2.

The order of the Appellate Division is reversed, and judgment is to be entered for the plaintiff on the finding of the trial judge.

*So ordered.*