No. 4598

## PATRICK ROSS

v.

## G. BRUCE CHISHOLM

(September 29, 1952)

ENO, J. This is an action of contract by which the plaintiff seeks to recover the sum of $1600.00 with interest and costs of collections.

The declaration is in two counts: the first count is on a promissory note of which the following is a copy:

"EXHIBIT A

October 27, 1951

"I, G. Bruce Chisholm, promise to pay to Patrick Ross or order the sum of SIXTEEN HUNDRED DOLLARS ($1600.00) in equal monthly payments beginning one month from date hereof with interest at rate of 6% per annum on the outstanding balance. In case of default the entire balance shall become due at the option of the holder hereof and the promissor agrees to pay all costs of collection including a reasonable attorneys fee.

Signed
G. Bruce Chisholm, M.D.
22 High Street, Stoneham, Mass."

The second count alleges a contract in the same amount, with interest and costs, involving the sale of automobiles.

The trial judge made the following findings of facts:

[31]

"The question whether an instrument is or is not a promissory note is one of law for the Court. (*Byrne* v. *Byrne,* 209 Mass. 179.) The time of payment must be definite or certain. (*Pierce, Butler & Pierce Mfg. Corp.* v. *Daniel Russell Boiler Works,* 262 Mass. 242.) To be negotiable, the instrument must be payable at a fixed or determinable future time or on demand. (G.L. Ter. Ed. c. 107, sec. 23 (3).) Fixed or determinable future time is defined as a fixed period after date or sight, or on or before a fixed or determinable future time or on or before the occurrence of a specific event which is certain to happen, though the time of happening is uncertain. (G.L. c. 107, sec. 26.)

"Although the instrument at bar purports to be payable to Patrick Ross 'or order,' and although the principal sum is fixed, the date of maturity is not, and the amount of 'equal monthly payments' therein specified falls within the realm of conjecture and surmise; and, consequently, it falls short of being a negotiable promissory note. Inasmuch as it fails to set forth a fixed or determinable future time for payment, nor may it properly be construed as a demand note, I rule that the instrument is not a valid promissory note. Accordingly, no recovery may be had upon Count 1 of Plaintiff's Declaration. The instrument, however, constitutes an admission of indebtedness by the defendant of the sum named therein, which the Court may take into consideration in relation to the oral agreement hitherto found to have been made by the parties [as alleged in Count 2]."

The case is before this division on a claim of report by the plaintiff for the failure of the judge to allow costs including a reasonable attorneys' fees and to certain findings of the trial judge.

The reason given by the trial judge for not considering reasonable attorneys' fees was her finding that the only reference thereto was in the alleged note, which she found was not in legal effect a promissory note, but was at best an admission of liability only on the part of the defendant.

In this ruling the trial judge was clearly in error. In the case of *McDonald* vs. *Hanahan,* 1952 Adv. Sh. 381,

[32]

the Court there found an instrument still more incomplete than the one in the case at bar a valid promissory note, even though it was not a negotiable one.

If the plaintiff is entitled to attorneys' fees or to acceleration of the monthly payments, it is only by virtue of the agreement contained in the alleged note. The Court having found for the defendant on that count, we do not think they could be allowed in a finding on the second count unless it is found that such was the agreement.

In order to prevent a miscarriage of justice we feel that the whole case should be tried *de novo,* at which time the issues raised by the defendant, including the question of the illegality of the transaction may also be tried.

The finding for the plaintiff is to be vacated and the case is remanded for a new trial.

Harold Brown, for the Plaintiff.

J. Lindsay Ware, for the Defendant.