## State v. Wilson.

The common law is constructively repealed by a statute which revises the whole subject and is inconsistent with its continued operation.

The statute which imposes a penalty for occupying a building in the compact part of a town, as a slaughter-house, without license, does not repeal the common law relative to nuisances.

This was an indictment for a nuisance at common law; that E. M. Wilson, of, &c., on the 1st of June, 1858, and on divers other days and times, &c., at Pembroke, &c., with force and arms, near to a public street in P. aforesaid, called Pembroke street, being a common highway, &c., and near the dwelling-houses of divers citizens, &c., did unlawfully and without sufficient cause keep and maintain a certain slaughter-house, and a cellar under the same, and in said slaughter-house, he, the said E. M. W., on, &c., did kill and slaughter large numbers of oxen, &c., and on, &c., did cast and throw the offals, &c., into the cellar aforesaid; and in the cellar aforesaid, during the times aforesaid, did keep a large number, to wit, fourteen hogs, and he the said E. M. W., on, &c., did feed said hogs in the cellar, &c., upon the offals, &c., by means whereof divers noisome, unwholesome, and noxious smells and stenches, during, &c., and large quantities of noxious and unwholesome smokes and vapors, on, &c., were then and there emitted, &c., from said slaughter-house, and the cellar under the same, &c., and the air in the neighborhood thereof, and for a great distance around, on the days, &c., was thereby greatly impregnated, and filled with many noisome, &c., smells, &c., and has been corrupted and rendered very unwholesome, &c., to the great damage and common nuisance of all the good citizens of this State, then and there inhabiting, &c., in evil example, &c., contrary to the law, &c., and against the peace, &c.

The defendant moved to quash the indictment, on the ground that the statute takes away the common law remedy. The court overruled the motion, and a verdict of guilty, being returned, the defendant moved for an arrest of judgment, for reasons appearing upon the case.

*Minot & Mugridge,* for the respondent.

The point raised in this case was decided in favor of the respondent in *State v. Blake,* Merrimack, 1847. That was an indictment at common law for a similar offense; the same motions were made as in this case, and upon the same grounds; they were sustained by the superior court, and the respondent was discharged.

Chapter 119 of the Revised Statutes covers the ground of nuisances of the character of those charged in this indictment. It gives the health officers power to determine what are nuisances, with full power for their prevention and removal, enforced by specific penalties. Section 8 provides for the punishment of the offense here charged; and chapter 211 provides for the recovery of the penalty, and limits the time of prosecution.

Where a statute revises the whole subject, makes that a qualified

offense, which was before absolute, limits the time and degree of punishment, and where the same purpose is to be accomplished, that of restraining the offense by punishment, the statute must be deemed a constructive repeal of the common law. *Commonwealth* v. *Cooley,* 10 Pick. 37.

Chapter 119, section 8, authorizes the acts charged, under the permission of the health officers. See *Commonwealth* v. *Chapin,* 5 Pick. 199 ; *Jennings* v. *State,* 17 Pick. 38 ; *State* v. *Hyde,* 11 Conn. 541 ; *Trustees* v. *King,* 12 Mass. 545 ; *Leighton* v. *Walker,* 9 N. H. 59 ; *Wakefield* v. *Copp,* 37 N. H. 295. The time of prosecution is limited. *Commonwealth* v. *Kimball,* 21 Pick. 373 ; *State* v. *Smith,* 7 Conn. 428. A distinction is to be made between statutes defining offenses, and prescribing punishments, and those relating to or affecting private rights. In the latter a more strict construction prevails. *Burnham* v. *Hotchkiss,* 14 Conn. 310 ; *Sprague* v. *Birdsall,* 2 Cow. 420 ; *Barden* v. *Crocker,* 10 Pick. 388. So, also, between those statutes, which give the same general form of remedy as the common law, and those which provide a different punishment. *Gooch* v. *Stevenson,* 13 Me. 371 ; *Commonwealth* v. *Ruggles,* 10 Mass. 390.

There are a variety of decisions upon the point, when and how far a statute operates as a repeal of the common law or a previous statute, or are only cumulative to it. The distinctions suggested reconcile many of them.

We have not found any case, where a statute making any act a qualified offense, has not been a repeal of a prior statute or the common law, making the same act an absolute offense.

*Fowler,* Solicitor, for the State.

The motion to quash was properly overruled, since an indictment for nuisance is never quashed on motion. *Anon.,* 1 Vent. 370 ; *Regina* v. *Wigg,* 2 Salk. 460 ; S. C. 2 Ld. Raym. 1063 ; Lyton's case, Cro. Car. 584 ; *Rex* v. *Inp. of Yarton,* 1 Sid. 140 ; *Anon.,* 12 Mod. 232 234 ; *Rex* v. *Flint,* 12 Mod. 242 ; *Rex* v. *Bracy,* 12 Mod. 99 ; S. C. Comb. 371 ; *Anon.,* 12 Mod. 502 ; *Rex* v. *Sellinger,* 12 Mod. 413 ; Com. Dig., Indict., H ; Vin. Ab., Indict., S, 2, 4 ; *Dacy* v. *Clinch,* 1 Sid. 54.

The motion in arrest of judgment should be denied. There is nothing in the provisions of chapter 119 which, either in express terms or by necessary implication, repeals the common law. The rule is thus laid down by Sergt. Williams (1 Saund. 135, n. 4), " Where an offense was antecedently punishable by a common law proceeding, as by indictment, and a statute provides a particular remedy, there such particular remedy is cumulative, and proceedings may be had either at common law, or under the statute." 1 Russ Cr. 50 ; Whart. Cr. L. 81 ; *Queen* v. *Wigg,* 2 Salk. 460 ; 2 Ld. Raym., 1163 ; *Rex* v. *Carlisle,* 3 B. & Ald. 161 ; *Rex* v. *Woolston,* 2 Stra. 834 ; *Turnpike* v. *People,* 15 Wend. 268 ; Bronson, J. See, also, *Rex* v. *Robinson,* 2 Burr. 799 ; *Rex* v. *Harris,* 4 D. &. E. 202 ; 2 Hale P. C. 191 ; 2 Co. Inst. 200 ; Com. Dig., Action upon Stat. (C) ; *Rex* v. *Balme,* Cowp. 648 ; *State* v. *Jesse,* 7 G. & J. 290 ; *State* v. *Moore,* 9 Yerg. 353 ; *Crittenden* v. *Wilson,* 5 Cow. 165 ; *Almy* v.

*Harris*, 5 Johns. 175; *Turnpike* v. *Coventry*, Johns. 10, 389; *Rex* v. *Bayall*, 2 Burr. 832; *Hartley* v. *Hooker*, Cowp. 524; *Rex* v. *Wright*, 1 Burr. 543; Faulkner's Case, 1 Saund. 250, n. 3; *Rex* v. *Mariott*, 4 Mod. 144; [S. C. Carth. 263; *Rex* v. *Greep*, 5 Mod. 348; *Rex* v. *Bradford*, Comb. 304; *Stiles* v. *Laird*, 5 Cal. 120; *Rex* v. *Mariott*, 1 Show. 398; 2 Hawk. P. C. 211, ch. 25, sec. 4; *Rex* v. *Dixon*, 10, Mod. 336; Burgin's Case, 1 Vent.; 1 Sid. 409; 2 Keble 477. Statutes in derogation of the common law, are to be construed strictly; the doctrine of repeal by implication, is not favored. It will not be held that a prior law, whether statute, or common, is repealed by a statute containing no express words to that effect, and no negative words, unless the implication is so strong as to leave no reasonable doubt that such was the intention of the Legislature. *U. S.* v. *Twenty-five Cases of Cloths*, Crabbe (U. S.) 856; *George* v. *Skeates*, 19 Ala. 738; *Brown* v. *Miller*, 4 J. J. Marsh. 474; *Hale* v. *Barton*, Dudley (Geo.) 105; *Smith* v. *Moffatt*, 1 Barb. 65; *Young* v. *McKenzie*, 3 Kelly 31; *Schuyler* v. *Mercer Co.*, 4 Gilm. 20; *Bruce* v. *Schuyler*, 4 Gilm. 221; *State* v. *Woodside*, 9 Ired. 496; *Bush* v. *Republic*, 1 Texas 455.

*State* v. *Blake*, said by the defendant to have been decided in this county in 1847, we have no knowledge of, but understand it is not to be reported; and if decided on the ground it is said to have been, it ought to be overruled.

An examination of the provisions of chapter 119, will satisfy the court that it was not intended to substitute those provisions for the common law relative to nuisances. The original act of 1799 related to Portsmouth. The Revised Statutes made it general. Not a word negatives expressly or impliedly the common law liability of persons maintaining nuisances to indictment and fine, or of the nuisances to be abated.

Two sections, 8 and 9, are taken from a general act relating to nuisances, passed in 1792. (Stat. 1830, 159.) The second section of the act of 1792, and the 8th of chapter 119, provided for licensing persons to occupy buildings in the compact parts of towns for slaughter-houses, &c., as they surely may be used, without detriment to the public health, and without creating any nuisance. The Legislature never designed to license any body to maintain a nuisance. The defendant's position is in substance, that when an individual obtains a license from the health officers to occupy a building as a slaughter-house, &c., he is virtually authorized to create and maintain a nuisance. No argument is necessary to show the absurdity of such a construction.

The authorities cited for the defendant do not sustain his position; most of them, carefully examined, are inconsistent with it.

The 119th chapter of the Revised Statutes was not designed to cover the whole subject of nuisances. It is limited to nuisances injurious to the public health. But many things are nuisances which are not actually unwholesome, as, for instance, a smell, not injurious to health, may render life and property uncomfortable. *Rex* v. *White*, 1 Burr. 338. So of noises. *Rex* v. *Smith*, 1 Stra. 704. Obstructions to highways and public watercourses,

and disorderly houses are nuisances. To these this statute has no application. The defendant rests his argument mainly on the 8th section of chapter 119. But that section is limited to slaughter-houses, &c., in the compact part of a town, making no provision for licensing or punishing them elsewhere. The health officers can not license nuisances elsewhere, and slaughter-houses may be so managed out of the compact part of a town as to be a nuisance. The whole subject, even of slaughter-houses, therefore, is not embraced in the statute.

The present indictment is not for keeping a slaughter-house and maintaining a nuisance within the compact part of a town, but near a common highway, and near the dwellings of divers citizens. The health officers can not license a slaughter-house thus situated, so that upon his own theory his position falls to the ground.

It is believed statutes substantially similar ·to those of chapter 119 have existed in Massachusetts for more than sixty years, and we can not learn that any question has arisen there, or here, except in *State* v. *Blake,* of the liability of maintainers of common nuisances to indictment at common law, though indictments for such offenses have been common. *Commonwealth* v. *Brown,* 13 Met. 365; *Commonwealth* v. *Smith,* 6 Cush. 80.

BELL, C. J. This is a motion in arrest of judgment, on the ground that the proceeding by indictment at common law is taken away by our statute. Rev. Stat., ch. 119.

The motion to quash the indictment was addressed to the discretion of the court, and such a motion may always be properly refused in cases of doubt. Whart. Cr. Law, 240; 1 Chitty Cr. Law, 299; Archb. Cr. Pl. 35; 2 Hawk. P. C., ch. 25, sec. 146. No exception appears to have been taken on this point.

If the proceeding by indictment is taken away by the Revised Statutes, it is by implication only. But the law does not favor a repeal by implication. 1 Bac. Ab., Statute, D; *Bowen* v. *Lease,* 5 Hill 226. It has ever been confined to repealing as little as possible of the preceding statute. Although two acts are seemingly repugnant, yet they shall, if possible, have such construction that the latter may not be a repeal of the former by implication. Bac. Ab., Statute, D; *Foster's Case,* 11 Co. 63; *Weston's Case,* Dyer 347; *Snell* v. *Bridgewater Co.,* 24 Pick. 298. And the same principle applies to the implied repeal of the common law. 1 Bla. Com. 88.

Two cases of such implied repeal are found: First, where the provisions of the later law are so inconsistent with and repugnant to the common law, or some earlier statute, that both can not be in force. *Leges posteriores priores contrarias abrogant,* is a maxim of ancient date; 1 Co. 25, b; 11 Co. 62; borrowed from the civil law. Dig. 1, 3, 26, and n. 1, 4, 4; 2 Atk. 674; 1 Bla. Com. 88; *Commonwealth* v. *Cooley,* 10 Pick. 39. But an older statute will not be repealed by a more recent one, unless the latter expressly negative the former, or unless the provisions of the two statutes are manifestly repugnant, in which case the earlier enactment will be impliedly modified or

repealed.   9 Bla. Com. 89; 10 Vin. Ab. 525, Statutes, E, 6, sec. 132;
2 Dwar. Stat. 638, 673; *Dakins* v. *Seaman*, 9 M. & W. 777.   When
both the acts are affirmative, and the substance such that both may
stand together, the latter does not repeal the former, but they shall
both have a concurrent operation.  1 Bla. Com. 90, and Shars. note 34;
11 Co. 62, *Robinson's Case;* 2 East P. C. 1114; Com. Dig., Parlia-
ment, R, 9; *Williams* v. *Potter*, 2 Barb. (S. C.) 320; *McCartee* v. *Orphan
As.*, 9 Cow. 506; *Beals* v. *Hall*, 4 How. (U. S.) 37; *Morris* v. *Dela-
ware Co.*, 4 W. & S. 461.   The general rule of law and construction
undoubtedly is that where an act of Parliament does not create a
duty or offense, but only adds a remedy to a duty or offense which
existed before, it is to be construed as cumulative.   This rule must,
however, be applied with due attention to the language in each..
Bac. Ab., Statute, D; *Rex* v. *Jackson*, Cowp. 299; *Middleton* v.
*Crofts*, 2 Atk. 675.

Where there is a difference in the whole purview of two statutes
apparently relating to the same subject, the former is not repealed.
*Bowen* v. *Lease*, 5 Hill 225; *King* v. *Downs*, 3 T. R. 569; Dwar.
Stat. 674; and in *Goldson* v. *Buck*, 15 East 371, it was held that two
acts relating to the same subject, confirming several powers to be
exercised for different purposes, might well subsist together, and
the former not be repealed by implication.

Second.   If the whole of a former law is revised by a new
statute, and the latter appears to be intended to prescribe the
only rules which should govern that subject, the particulars of
the old law in which they differ will be ˙ regarded as repealed
by implication.   *Davies* v. *Fairbairn*, 3 How. (U. S.) 636; *Dexter* v.
*Allen*, 16 Barb. 18; *Com.* v. *Cromby*, 1 Ashm. 179; *Goddard* v. *Bos-
ton*, 20 Pick. 410.

If a revising statute embrace all the provisions of antecedent
laws on the same subject, and reduce them to one system, such
statute virtually repeals the statutes revised, without any expression
to that effect, and though there is no repugnancy between them.
*Goodenow* v. *Buttrick*, 7 Mass. 140; *Bartlett* v. *King*, 12 Mass. 537;
Ashley, Ap't, 4 Pick. 21; *Commonwealth* v. *Cooley*, 10 Pick. 39;
*Mason* v. *White*, 1 Pick. 452; *Rogers* v. *Watrous*, 8 Tex. 62; *Illinois
Canal* v. *Chicago*, 14 Ill. 334; *Gorham* v. *Luckett*, 6 B. Monroe 146.
And where some parts of a revised statute are omitted in the
revision, they are not to be revived by construction, but are to be
considered as annulled.   *Ellis* v. *Paige*, 1 Pick. 43; *Rutland* v. *Men-
don*, 1 Pick. 154; *Blackburne* v. *Walpole*, 9 Pick. 97; *Towle* v. *Marett*,
3 Greenl. 22; *Farr* v. *Brackett*, 30 Vt. 346; *Giddings* v. *Cox*, 31
Vt. 609; *Laighton* v. *Walker*, 9 N. H. 59; *Wakefield* v. *Phelps*, 37
N. H. 304.

And upon the same principle, if a statute revises the whole
subject of an offense, for example, making that a qualified offense
which was before absolute, or. changing the time or mode of
prosecution, or the degree of punishment, it may be a repeal of
the common law.

By the statute here in question (Rev. Stat., ch. 119), the health
officers may make regulations for the prevention and removal

of nuisances, under a penalty, but it does not appear that any such regulations have been made in Pembroke, nor if any, what they are, and this provision may be dismissed. It may well be doubted, however, if such municipal regulations could have the effect to repeal the common law.

The health officers are authorized to remove nuisances at the expense of the owner or occupier of the building or inclosure in which they are found; but this is quite consistent with the continuance of the law inflicting punishment for the public wrong on those who are chargeable with nuisances.

A penalty is imposed on those who place or leave in or near any public street any substance liable to become offensive or injurious to the public health; but it is quite apparent that this is a new offense, entirely different from that of nuisance.

The eighth section is the only one which seems to be in conflict with the common law as to nuisances, and here the conflict is only seeming.

"If any person shall use or occupy any building in the compact part of any town, for a slaughter-house, for trying tallow, or for currying leather, or for the deposit of green pelts or skins, without permission of the health officers, he shall incur a penalty of ten dollars for each month in which the said building shall be so occupied."

A slaughter-house, and so of the other buildings required by this act to be licensed, is not of course a nuisance. They are all liable to become such by mismanagement or neglect; and it is doubtless for this reason that a license from the board of health is required, that they may be excluded from compact neighborhoods. Though not nuisances, they are liable to be, under the most careful management, at times offensive to those who reside upon or have occasion to be in the streets where they are situated. Those who keep slaughter-houses in the compact parts of towns without license, are made liable to the penalty imposed by the statute, equally whether their buildings are or are not nuisances; and it would be no defense to a prosecution for the penalty, if the most complete proof could be produced that they were not nuisances.

It would be but a poor and inadequate redress for a nuisance, such as a slaughter-house may become, that the health officers have the right to enter and remove any offensive matters that may be found in such a building, at the expense of the owner.

The compact part of a town is a phrase of somewhat indefinite extent. A slaughter-house may be a nuisance, if ill managed or neglected, though it may be in no sense in the compact part of a town. This statute can have no application to such a house. If prosecuted for the penalty, it would be a perfect defense that the building is not in the compact part of a town, and, consequently, does not come within the provisions of the law. It is not alleged, and consequently does not appear, that the building here in question is in the compact part of the town of Pembroke, and no presumption can be entertained to that effect. It is alleged it was near to a public street called Pembroke street, in Pembroke, being a common highway, and near the dwelling-houses of divers good

citizens of the State there situated, but this does not import that the place is in the compact part of the town, if there is any place in the town entitled to that designation.

The common law and this statute may well be in force together as to the same property. A party may have a license to occupy a building as a slaughter-house. This is no license to maintain a nuisance because the health officers are authorized to remove offensive matters from it at his expense, and if the building should be so managed as to become a nuisance, there is no reason why he may not be indicted and punished for the common law offense.

It seems then clear, that this statute is a police regulation, in force and applicable to the compact parts of towns; that it does not cover the whole subject of nuisances, nor of slaughter-house nuisances, if, indeed, it covers any part of either; that the purview and purpose of the common law and of this statute are entirely distinct; that this statute does not necessarily or naturally prevent or interfere with the application of the common law, and is not inconsistent with it, and does not supersede it; and that the offense here charged is not embraced in or affected by the statute.

The motion in arrest must therefore be denied.