JOHN B. N. STULTS *vs.* MANUEL SILVA & another.

Suffolk. Nov. 11. — 12, 1875. WELLS, COLT & ENDICOTT, JJ., absent

A promissory note containing a provision that it shall be payable " in one and a half years, or sooner at the option of the mortgagor, from this date, with interest at the rate of seven per centum per annum during said term, and for such further time as said principal sum or any part thereof shall remain unpaid," is not negotiable, whether made by the mortgagor or by a third person.

The objection that a promissory note appears upon its face not to be negotiable, is open at the trial of an action thereon against the payee, in which the declaration sets out a copy of the note, and alleges that it was made payable to the payee or order, and indorsed by the payee to the plaintiff, and the answer denies all the allegations.

CONTRACT against Manuel Silva and Benjamin B. Newhall. The first count alleged that Silva made a promissory note, a copy of which was annexed, payable to Newhall or order, and that Newhall, "waiving demand and notice, indorsed the same to the plaintiff," and that Newhall owed the plaintiff the amount of the note and interest thereon. The copy of the note was as follows:

"$2268.00. Boston, February 1st, 1872. For value received, I promise to pay to Benjamin B. Newhall, or order, $2268.00 in one and a half years, or sooner at the option of the mortgagor, from this date, with interest to be paid semi-annually at the rate of seven per cent. per annum during said term, and for such further time as said principal sum or any part thereof shall remain unpaid.                    Manuel Silva.

" Secured by mortgage of real estate in Boston, Mass., stamped as required by U. S. Internal Revenue Laws, to be recorded in Suffolk Registry of Deeds."

[Indorsed.] "Waiving demand and notice. Benjamin B. Newhall."

The second count was upon another note differing only in amount from the preceding, and with a similar indorsement. An-

swer, a general denial. · The plaintiff discontinued as to Silva, on the ground of his discharge in bankruptcy; and a trial was had against Newhall in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff proved the signatures of Silva as maker, and Newhall as indorser, as alleged; that the notes had not been paid; that he was the holder of the notes, and paid cash for them, and called upon Newhall, when they matured, to pay them, and he did pay the interest to August, 1873; and rested the case. The defendant contended and asked the judge to rule that the notes were not negotiable, and that this action could not be maintained against him as indorser; but the judge ruled otherwise. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. W. Howes*, for the defendant.

*C. S. Lincoln*, for the plaintiff. 1. The notes are negotiable. Even if it is assumed that the maker is the mortgagor, which is not a fact apparent on the face of the notes, the maker promises to pay in a time certain, or sooner, at the option of the mortgagor, that is, if he pleases. The promise to pay sooner if the maker pleases, is no promise, and is absurd and meaningless. No right is reserved thereby to pay before maturity. Being meaningless, the words should be entirely disregarded.

In *Way* v. *Smith*, 111 Mass. 523, there was a distinct agreement that the maker should have the right to pay the note before maturity, and that a lower rate of interest should be paid.

In *Hubbard* v. *Mosely*, 11 Gray, 170, it was distinctly agreed that on the payment to the original payee, the note should be given up to the maker. In the present case, the payment could be made only to the actual holder.

The phrase, " or sooner at the option of the mortgagor," is rendered still more absurd and ambiguous, by the word " mortgagor." There is nothing on the notes to show who the mortgagor is. *Cota* v. *Buck*, 7 Met. 588. *Stevens* v. *Blunt*, 7 Mass. 240. *Baxter* v. *Stewart*, 4 Sneed, (Tenn.) 213. *Washington County Ins. Co.* v. *Miller*, 26 Vt. 77.

2. The defence that the notes were not negotiable, was not open to the defendant on his answer. The answer is a general denial. There is no denial of liability on the allegations of the

plaintiff. The allegations of the plaintiff were all proved, and no question of law was raised by the defendant, either in his answer, or on demurrer.

3. The defendant Newhall is estopped to deny the negotiability of the notes. He indorsed them, waiving demand and notice. His intent to hold himself liable as indorser is plainly to be inferred from these words, or they mean nothing. There was an implied promise by Newhall to pay the notes at maturity if the maker did not. The payment of the interest by Newhall supports the inference of a promise. If there were no such intent, Newhall would have indorsed the note "without recourse." *Leidy* v. *Tammany*, 9 Watts, 353. *Seymour* v. *Van Slyck*, 8 Wend. 403. *Jones* v. *Fales*, 4 Mass. 245. *Sanger* v. *Stimpson*, 8 Mass. 260. *Van Staphorst* v. *Pearce*, 4 Mass. 258.

GRAY, C. J. Each of the instruments in suit expresses a promise to pay a certain sum of money in a year and a half from its date, " or sooner at the option of the mortgagor," with interest at a certain rate " during said term." The principal sum is to be paid, either at the time specified, or at any earlier time that the mortgagor may elect. The interest is to be computed only until the note is paid. Both the time of payment of the principal, and the amount of interest, are uncertain, and depend upon the election of the mortgagor, who would seem, from the memorandum upon the note itself, to be the maker of the note. But if he were a third person, it would not aid the plaintiff. In either alternative, the contract, not being a promise to pay a fixed sum of money at a definite time, lacks the essential quality of a negotiable promissory note, and cannot be sued upon as such. *Way* v. *Smith*, 111 Mass. 523. *Hubbard* v. *Mosely*, 11 Gray, 170. Story on Notes, § 22.

The allegation in the declaration, that the payee indorsed each note to the plaintiff, is, with all other allegations in the declaration, denied by the answer, and is legally impossible upon its face. The objection to the plaintiff's right to maintain this action against the defendant was open at the trial, and, if judgment had been rendered on default, would have been open on writ of error. *Davis* v. *Travis*, 98 Mass. 222. *Hubbard* v. *Mosely*, 11 Gray, 170. *Haskell* v. *Lambert*, 16 Gray, 592. *Hollis* v. *Richardson*, 13 Gray, 392. *Exceptions sustained.*