### J. HOMER PIERCE *vs.* DUDLEY TALBOT & another.

Suffolk. November 13, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes,* Non-negotiable, Attested. *Assignment. Practice, Civil,* Parties. *Limitations, Statute of.*

A promissory note, secured by a mortgage, is not negotiable if it is payable in three years from its date "with the privilege of anticipating payment upon said sum in whole or in part at any time."

One who receives from the holder an attested overdue non-negotiable promissory note, bearing an indorsement making it payable to the order of such recipient, takes it as an assignee and may bring an action against its maker for his own benefit in the name of the payee, although the payee forbids him to do so; and such an action, under the provisions of R. L. c. 202, § 1, cl. 3, is not barred if it is brought within twenty years from the date when the note became due.

CONTRACT for a balance alleged to be due on the promissory note hereinafter described. Writ dated December 31, 1908.

In the writ it was stated that the action was brought by "J. Homer Pierce . . . for the benefit and use of Winfield Temple . . . the holder and owner of the note that is the subject matter of this action."

In the Superior Court the case was heard by *Raymond,* J., upon an agreed statement of facts.

The note was as follows:

"$700–00/100             Boston Nov 13th 1893

For value received, we—Promise to pay to J. Homer Pierce or order the sum of Seven hundred Dollars 00/100 in three years from this date, with interest to be paid semi-annually, at the rate of six per centum per annum, during said term, and for such further time as the said principal sum or any part thereof, shall remain unpaid with the privilege of anticipating payment upon said sum in whole or in part at any time.

Signed in the presence of   ⎱   Dudley Talbot
    Robert M. French   ⎰   Jonathan B. L. Bartlett

Secured by Mortgage of Real Estate in Boston to be recorded in Suffolk Registry of Deeds."

From the agreed statement of facts it appeared that on September 29, 1904, J. Homer Pierce assigned the mortgage "and indorsed the note" to John L. Stone, who on November 24, 1908, assigned the mortgage "and indorsed" the note to Winfield Temple "for the purpose of foreclosing the mortgage." Both indorsements were in the form, "Pay to the order of" the person to whom the note was transferred, "without recourse to me."

On March 23, 1909, J. Homer Pierce wrote to Temple's attorneys stating that, as he had no claim against the signers of the note, he had not authorized and did not authorize any party to bring suit against them in his name, and that he objected to such action.

The judge found for the plaintiff in the sum of $376.60; and the defendants appealed.

The case was submitted on briefs.

*I. C. Hersey,* for the defendants.

*G. S. Littlefield & C. S. Tilden,* for the plaintiff.

HAMMOND, J. This is an action upon a witnessed promissory note, brought in the name of the original payee for the benefit of the holder, more than six years and less than twenty after the cause of action accrued. The sole defense is the statute of limitations (R. L. c. 202, § 1, cl. 3, and § 2), and the only question raised under that defense is whether the facts that the action was brought without the consent or knowledge of the payee and is now carried on against his will are fatal to it.

No discussion is necessary. The ground is covered by previous decisions of this court. The note is not negotiable. *Stults* v. *Silva,* 119 Mass. 137. Such a note is nevertheless within R. L. c. 202, § 1, cl. 3; *Sibley* v. *Phelps,* 6 Cush. 172; *Commonwealth Ins. Co.* v. *Whitney,* 1 Met. 21; and the time of limitation is twenty years. The note not being negotiable Temple holds it not as indorsee but as assignee. The respective rights of such holders are set out in *Mosher* v. *Allen,* 16 Mass. 451, 452, as follows: "If the payee of a promissory note, not negotiable, puts his name on the back thereof, intending to transfer it, he authorizes the prosecution of a suit in his name; for there is no other way of making the assignment effectual. But not so when the payee of a negotiable note indorses it; for that act transfers the property and the right of action, and is an assignment in law by the statute

of Anne.* The payee in such case has lost all property in the note, and all control over it. Certainly, without his consent, no action can be maintained upon it in his name." Inasmuch as the present action was brought for the benefit of an assignee, it was properly brought and can be maintained irrespective of the payee's consent. See *Troeder* v. *Hyams,* 153 Mass. 536, and cases cited.

*Judgment affirmed.*

---

* The statute of Anne referred to is St. 3 & 4 Anne, c. 9.