JOHN F. STEVENS *vs.* JOHN F. MULCAHY & another.

Worcester.    September 27, 1927. — October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* To relieve from results of fraud, Rescission.    *Agency,* Existence of relation, Scope of authority.    *Bills and Notes.    Fraud.*

A master, who heard a suit in equity against a man and his mother seeking rescission by reason of fraud and deceit of a transaction which included a leasing of real estate from the mother to the plaintiff, the assignment of a mortgage and mortgage note of $2,500 by the plaintiff to the mother, and the execution and delivery by the plaintiff of a personal property mortgage of $4,000 to the mother, found that the transaction was procured through deceit of the defendant son, and, as to the defendant mother, found that she knew of the sale, the amount and manner of paying the purchase price, the terms of the leasing, and that the son was selling the property to the plaintiff.  The master further stated that he could not find upon the evidence that the mother knew of the representations made by the son to the plaintiff when the plaintiff purchased the property, but that he did find that the son was her agent and was authorized to act for her in so far as she was concerned with the giving of the lease and the taking back of the mortgage and mortgage note and the assignment to her of the $2,500 mortgage and mortgage note.  *Held,* that
  (1) The plaintiff was entitled to relief as to the defendant son by way of rescission, adjustment of equities, and damages;
  (2) The master's findings meant that the deceit was procured by the son as the mother's agent and not by the mother herself;
  (3) The mother was chargeable with the son's fraud;
  (4) The mother could not be held to be a holder in due course of the notes.
One of the notes above referred to provided that it should be paid by certain semi-annual payments "for a period of five years when the balance shall be due and payable on demand, with the privilege of anticipating any and all payments."  The other note provided for monthly payments on account of principal "for a period of three years, the balance then remaining to be payable on demand, with the right of anticipation."  *Held,* that the notes were nonnegotiable.

BILL IN EQUITY, filed in the Superior Court on September 3, 1926, to enjoin the defendants from proceeding with foreclosure of a mortgage to the defendant, Ellen Mulcahy, and for a rescission of the transaction described in the opinion.

In the Superior Court, the suit was referred to a master. Material facts found by the master are stated in the opinion.

The note assigned by the plaintiff to Ellen Mulcahy was a promise to pay the plaintiff "or order" the sum of $2,500, $100 each six months "for a period of five years when the balance shall be due and payable on demand, with the privilege of anticipating any and all payments."

The note of the plaintiff to Ellen Mulcahy was a promise to pay her "or order" $4,000 "in installments of $75. every month from date hereof for a period of three years, the balance then remaining to be payable on demand, with the right of anticipation."

By order of *Lummus,* J., the report of the master was confirmed and an interlocutory decree was entered granting rescission as prayed for, ordering further reference to a master "to determine whether the said property is in as good condition now as when conveyed to the plaintiff, and what allowance, if any, for the benefit of the defendant, Ellen Mulcahy, as mortgagee and the defendant, John F. Mulcahy, as the owner subject to the mortgage of the defendant, Ellen Mulcahy, should be made by the plaintiff because of any deficiency," and "that the master further determine what damages, if any, should be awarded against the defendant John F. Mulcahy to the plaintiff to put the plaintiff in the same position he was in before entering into the contract." The judge then reported the suit to this court for determination of the correctness of his rulings.

*J. J. Moynihan,* for the defendant.

*S. Seder & S. A. Seder,* for the plaintiff, submitted a brief.

BRALEY, J. The evidence not having been reported and there being no exceptions to his report, the master's findings — that the allegations in the first and second paragraphs of the bill had been proved — are conclusive. It appears that in reliance upon and induced by representations of the defendant John F. Mulcahy, the owner, the plaintiff pur-

chased at a price of $7,000 a store with fixtures and merchandise and a gasoline station therewith conducted. The defendant also as part of the bargain agreed to transfer to the plaintiff a contract which he had for the purchase of gasoline to be sold at the station, and to give to the plaintiff a lease of the premises which were owned by his mother, the defendant Ellen Mulcahy, for a term of ten years. In accordance with the contract the plaintiff paid $500 and assigned to Ellen Mulcahy a mortgage and mortgage note held by him for $2,500 which had been duly recorded, and also gave to her a note for $4,000 secured by a mortgage on the stock and fixtures, the principal of which was payable by instalments. The master finds that the material representations, made to the plaintiff by John F. Mulcahy, as enumerated and stated in the report, were false and that the plaintiff not only bought the property in good faith but performed the contract of sale on his part, and that the plaintiff, upon discovery of the fraud, offered to return to the defendants whatever he had received and to rescind the sale but the defendants refused to accept the tender, whereupon the plaintiff brought the present suit.

It is manifest that as to John F. Mulcahy the plaintiff can be granted leave to rescind with such adjustment of the equities as the court may determine as well as the award of damages. *Thomas* v. *Beals*, 154 Mass. 51, 54, 55. *Atkins* v. *Atkins*, 195 Mass. 124, 132. *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 477. *Raynes* v. *Sharp*, 238 Mass. 20, 26.

The defendant Ellen Mulcahy, however, contends that as to her the plaintiff is not entitled to relief. The case was heard by the trial judge upon the pleadings, the master's report, and such inferences of fact as the judge might warrantably draw therefrom, and, after ordering a decree to be entered in favor of the plaintiff against both defendants, the judge reported the case to this court. *Kennedy* v. *Welch*, 196 Mass. 592. It is specifically found by the master that Ellen Mulcahy "knew of the sale, and the amount and manner of paying the purchase price thereof, the terms of the lease, and that her son, the defendant John F. Mulcahy, was selling the property to the plaintiff . . . . I cannot find,

upon the evidence that she knew of the representations made by . . . John F. Mulcahy to the plaintiff when the plaintiff purchased the property; but I do find . . . that . . . John F. Mulcahy, was her agent and authorized . . . to act for her in so far as she was concerned with the giving of the lease . . . and the taking back . . . of the $4,000 mortgage and mortgage note, and the assignment to her . . . of the $2,500 mortgage and mortgage note."

We construe this finding as meaning that the misrepresentations were made by an agent of the defendant and not by the defendant herself. The knowledge of the agent who negotiated the transactions, that the lease, the transfer of one mortgage and the giving of the other mortgage for which the plaintiff received no consideration from Ellen Mulcahy were the result of the deliberate misconduct of John F. Mulcahy is imputable to Ellen Mulcahy who must be charged with notice of the means employed to obtain them. *Haskell* v. *Starbird,* 152 Mass. 117. *Clogston* v. *Martin,* 182 Mass. 469. *Howe* v. *Johnson,* 236 Mass. 379, 386. The agent was not engaged in an independent fraudulent act, as appears in *Innerarity* v. *Merchants' National Bank,* 139 Mass. 232, relied on by the defendant. See *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 207.

It is further argued that Ellen Mulcahy is the holder in due course of each of the notes, and the relief ordered as to these notes was wrong. The defendant, however, is in the same position as if John F. Mulcahy, who cannot avail himself of his own fraud, had been the holder. G. L. c. 107, § 75. The notes, moreover, were nonnegotiable instruments. *Sloan* v. *McCarty,* 134 Mass. 245. *Stults* v. *Silva,* 119 Mass. 137. *Pierce* v. *Talbot,* 213 Mass. 330. *Central National Bank* v. *Hubbell,* 228 Mass. 124.

We have considered only the questions argued by counsel and, finding no ground for reversal, the entry must be

*Orders for decree affirmed.*