HENRY W. NORTHRIDGE *vs.* PAUL GRENIER.

Worcester. November 5, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Bills and Notes*, Negotiability.

Under the negotiable instruments law, G. L. c. 107, a promissory note, otherwise negotiable, is not rendered nonnegotiable by reason of a right reserved therein "to anticipate any or all payments at any time."

CONTRACT. Writ dated May 13, 1931.

The action was heard in the Superior Court by *Greenhalge*, J., upon an agreed statement of facts. Material facts are

stated in the opinion. The judge reported the action without decision for determination by this court.

*G. S. Taft,* for the plaintiff.

No argument nor brief for the defendant.

RUGG, C.J. This is an action to recover an instalment due on a written instrument, with interest. The instrument was duly protested and the action is against the indorser. The instrument, otherwise a promissory note payable to the defendant in quarterly specified instalments, contained these words: ". . . with the right to anticipate any or all payments at any time . . . ." The single question for decision is whether an instrument payable in instalments, indisputably a promissory note in every other particular, is rendered nonnegotiable by reason of the right reserved to anticipate payments.

The decision of that question depends upon the correct interpretation of the relevant sections of the negotiable instrument law which is found in G. L. c. 107. It is there provided by § 23: "An instrument to be negotiable must conform to the following requirements: 1. It must be in writing and signed by the maker or drawer . . . . 3. Must be payable on demand or at a fixed or determinable future time . . ."; and by § 26: "An instrument is payable at a determinable future time . . . which is expressed to be payable . . . 2. On or before a fixed or determinable future time specified therein . . . ." Interpreting these words according to the common and approved usage of the language, there is no doubt of their significance. An instrument payable at a stated time or times with the privilege on the part of those liable on it to anticipate any or all payments at any time cannot reasonably be thought to be payable in any other way than on or before a fixed or determinable future time.

Before the passage of any controlling statute and under the common law of this Commonwealth a written promise to pay in the terms of the one here in suit was not negotiable. *Stults* v. *Silva,* 119 Mass. 137. *Mahoney* v. *Fitzpatrick,* 133 Mass. 151. It is not necessary to revert to the common law and those decisions do not state the present

law of the Commonwealth in view of the explicit provisions of G. L. c. 107 already quoted. It is our duty to construe the provisions of the negotiable instrument act in conformity to their obvious meaning without regard to the previous law of the Commonwealth unless necessary to resolve some doubt or obscurity. *Union Trust Co.* v. *McGinty,* 212 Mass. 205, 207.

Provision was made by St. 1888, c. 329, that no written promise to pay money should be held not to be a promissory note or not to be negotiable for the reason that the time of payment was uncertain provided that it was "payable at all events and at some time that must certainly come." In *Lowell Trust Co.* v. *Pratt,* 183 Mass. 379, the question was presented for decision whether under said c. 329 an instrument whereby the makers promised to pay a certain sum of money on a date certain was rendered nonnegotiable because it contained reservation of the privilege to the makers to pay the whole or any portion of the principal sum at any time before that certain date. It was held that the instrument was negotiable. The precise words of said c. 329 are not in G. L. c. 107. The substance is in the sections already quoted. *City National Bank* v. *Adams,* 266 Mass. 239, 247. The revision wrought no change in this respect in the substance of the statute as it stood before. *Main* v. *County of Plymouth,* 223 Mass. 66, 69. *Commonwealth* v. *Welosky,* 276 Mass. 398, 409. The decision in the *Lowell Trust Company* case is on all fours with the case at bar. *General Mortgage & Loan Corp.* v. *Dickey,* 274 Mass. 207.

The only difficulty in the case at bar arises from unguarded expressions in two decisions. The first of these is *Pierce* v. *Talbot,* 213 Mass. 330. That decision, although rendered in 1913, after the enactment of the negotiable instrument act, related to an instrument made and delivered in November, 1893, which was before the passage of that act. The rights of the parties were therefore to be determined by the law as it existed prior to that act. St. 1898, c. 533, § 195. *Quimby* v. *Varnum,* 190 Mass. 211, 213. The case of *Pierce* v. *Talbot* was presented to the

court (as appears from examination of the original papers) without reference being made in the briefs of either party to St. 1888, c. 329, or to *Lowell Trust Co.* v. *Pratt*, 183 Mass. 379, and must be taken to have been decided without regard to that statute or that authority, and not intended to be in conflict with either, or as an interpretation of either. The second decision is *Stevens* v. *Mulcahy*, 261 Mass. 116, where at page 119 it was said respecting notes containing reservation of right to anticipate payment before the final due date: "The notes, moreover, were non-negotiable instruments." That statement was not at all necessary to the decision of the case, cannot be treated as a construction of G. L. c. 107, §§ 23, 26, and is to be disregarded save in its historical aspects as referring to the common law laid down in *Stults* v. *Silva*, 119 Mass. 137, there cited.

It follows that the instrument in question is negotiable, the defendant is liable upon it as indorser and judgment is to be entered for the plaintiff. The exact amount for which judgment is to be entered is to be determined in the Superior Court.

*So ordered.*