Pettingell, P. J.
Action of contract in which the plaintiff seeks to recover from the defendants four hundred dollars and interest on an undated note, and from Ralph Goad, one of the defendants, the sum of sixty-five dollars, evidenced by a memorandum in writing. The writ sets forth liability in two counts, one on the promissory note, executed by both defendants, and the other on the written promise of Ralph Goad to pay. The declaration states that the two counts are for separate causes of action.
The answer is a general denial by both defendants, absence of consideration for the alleged note, that the two counts do not arise out of the same matter, occurrence or transaction; that the plaintiff cannot recover under count two because of the absence of any averment that the transaction set forth in count 2 arises out of the same matter, *11 occurrence or transaction; that the note set forth in count 1 is so indefinite as to the time of payment that the contract is incapable of interpretation, and. that the failure of the plaintiff to assert that the liability of the defendants arose out of the same transaction as that relied upon by the plaintiff in count 1 should relieve the defendant from liability under Count 2.
The matters relied upon by the defendant are based on the contention that the note sued on under Count 1 is so indefinite as to time of payment that it is incapable of interpretation, but when the note is studied, no such incapacity appears but merely a failure to state an exact time when payment is to be made. Despite this deficiency such a note is payable within a reasonable time; it is nevertheless a good note but it is not negotiable. As it contains a promise to pay it can be sued on by the payee who can recover on it. Hubbard v. Mosely, 11 Gray 170: The action being brought by the payee for an amount certain there can be a recovery, a reasonable time having elapsed since the note was drawn. Haskell v. Lambert, 16 Gray 592; Way v. Smith, 111 Mass. 523, at 525; Stults v. Silva, 119 Mass. 137, at 139; Pierce v. Talbot, 213 Mass. 330, 331, 332.
The defendants filed the following requests for rulings:
“1. If the plaintiff contracted with the defendants to sell the premises in question for twenty seven hundred dollars and he received through the mortgagee bank twenty seven hundred dollars in the matter there was no consideration for the alleged four hundred dollar note declared upon. 2. The plaintiff’s action bringing in two defendants as joint defendants in one count of declaration and one defendant in second count without asserting that the right in each case arose out of or grew out of the same matter, transaction or occurrence or series of matters, transactions or occur *12 renees is violation of the practice act and the plaintiff can not recover on either, count. 3. There being no date or time for payment of the alleged note in count one, the contract is as a matter of law unenforcible for indefiniteness and the plaintiff can not recover under said count.”
The trial judge disposed of the defendant’s requests for rulings and made findings of fact and a finding as follows:
“Rulings of Law
“I refuse to make any of the defendant’s requests for rulings because they are inapplicable to the facts found.
“Findings of Facts
‘ ‘ The defendants, husband and wife, purchased from the plaintiff real estate situated in Haverhill in said County of Essex. The greater part of the purchase price was paid by the defendants to the plaintiff with money obtained on a loan secured by mortgage on said premises, from the City Five Cents Savings Bank of said Haverhill. The balance, four hundred dollars, was paid by the defendants ’ note to the plaintiff, a copy of which is set forth in the plaintiff’s amended declaration.
“Demand was made for payment of the said note, upon which nothing has been paid. The husband-defendant borrowed from the plaintiff sixty-five dollars to pay legal expenses in the matter of said mortgage. No part of this loan has been repaid.
“I find for the plaintiff on the first count and assess damages in the sum of $430.00.
“I find for the plaintiff on the second count and assess damages in the sum of $68.40.”
It is a fundamental principle of the common law that a count in contract alleging joint liability of two defendants cannot be joined with a count alleging the individual liability of one of the two defendants. The real and funda *13 mental objection to such a joinder is the fact that there can be only one judgment in such an action and one execution.
No one has yet devised without the authority of a statute a procedure whereby in any such an action the decision of the court with its possible variations such a joinder can be properly and sufficiently expressed.
Various statutory changes have been tried and attempted, as we shall see, in Massachusetts, as well as elsewhere, the number and the variety of such attempts perfectly illustrate the difficulties of the situation.
The first amending statute dealing with this situation was the statute of 1834, c. 189. In Leonard v. Robbins, 13 Allen 217, growing out of that statute, it was said, at page 219,
“At common law, the objection to such a judgment was twofold. Causes of action against two or more defendants jointly and against one of them severally, could not be joined in the same declaration . . . And an action of contract against two or more jointly, upon a verdict of default against two or more jointly, no verdict could be rendered for the plaintiff, because • the contract was not the contract declared on . . . Soon after the decision of this court in the case last cited, the legislature passed a statute, which with occasional modification, has since continued in force, authorizing the plaintiff in an action against two or more defendants, to take judgment against those, though less than all sued, who should appear upon the trial to be liable ... St. 1834, c. 189.”
The legislature thus authorized a finding where counts are improperly joined, providing that some of the parties are defaulted and the others are found liable. In other words, the legislature said that when such a party is defaulted, he is presumed to have abandoned Ms right to plead a misjoinder of counts.
*14 That statute however does not help the plaintiff in this case, as there was no default. See in this situation the New York statutes discussed in New York Company v. Brewster, 241 Mass. 155, in which a New York statute authorizing the rendition of several judgments in one action was held not applicable. In that case, however, the court dealt with the situation by giving the plaintiff leave to amend by discontinuing as to one defendant.
Referring to St. 1834, c. 189 again, the court said further:
. “These Statutes have not authorized the joinder in one of our count on a joint contract of all the defendants, and another count on a separate contract of one of them; or allowed judgment or execution against one defendant for one debt; and against the other defendants or all the defendants for a different debt.”
There is now in force, St. 1943 c. 350, G. L. c. 231, §4A, the applicable words of which are as follows:
“Two or more persons may be joined in one action . . . and defendants if there is asserted against them jointly, severally or in the alternative, any right to recover in respect of or ensuing out of the same matter, transaction, or occurrence, or series of matters, transactions or occurrences . . . Misjoinder of parties shall not be grounds for dismissal of the action. A plaintiff or defendant may be dropped by order of the court or motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
Under the statute two or more defendants may be joined “if there is asserted against them jointly, severally, or in the alternative any right to recover in respect of or arising out of the same matter, transaction, or occurrence, or series of matters, transactions or occurrences.”
*15 No such assertion by the plaintiff is included in the pleadings. On the other hand, there is a statement in the plaintiff’s declaration, that “Both counts are for separate causes of action.” We are thus thrown back on the situation as it was before the enactment of St. 1943 c. 450, for this assertion is a condition precedent in bringing such an action, and we have to deal with a misjoinder of two counts. Misjoinder must be pleaded. Lee v. Blodgett, 214 Mass. 374, at 377. We consider the second and fourth paragraphs of the defendants’ answers as raising the issue of misjoinder. “A pleading, however, is to be treated according to its true character and not according to its name.” Tegelaar Brothers, Inc. v. Hanflig, 286 Mass. 363, at 366, 367. The misjoinder was properly pleaded.
Under St. 1943, c. 450, the misjoinder being well pleaded the Appellate Division has authority, “on its own initiative ... at any stage of the action” to drop a defendant. We therefore order the defendant Ralph Groad dropped as a defendant in this action under count two and his cause of action severed; he may be proceeded against further in another action. As to count one, the report is to be dismissed.