83 Wn.2d 219 (1973)
517 P.2d 585
THE STATE OF WASHINGTON, on the Relation of BLAINE M. MADDEN et al., Respondents,
v.
PUBLIC UTILITY DISTRICT NO. 1 et al., Appellants.
No. 42710.
The Supreme Court of Washington, En Banc.
December 27, 1973.
Hughes, Jeffers & Jeffers and Richard G. Jeffers, for appellants.
Blaine M. Madden and George A. Hymer, pro se.
UTTER, J.
Public Utility District No. 1 of Douglas County and its commissioners appeal from a writ of mandamus compelling them to grant respondents Madden and Hymer perpetual easements. These easements were granted *220 pursuant to RCW 54.16.220 on land acquired by appellants from respondents.
This case presents three issues: (1) whether the trial court properly ruled that a prior common-law rule does not prevail over a later statute in derogation of that rule; (2) whether the trial court properly exercised its discretion in excluding testimony of appraisers; and (3) whether article 8, section 7 of the Washington State Constitution prohibits the trial court from granting respondents the easements requested in this case. We hold the trial court acted properly and affirm the entry of the writ of mandamus.
In contemplation of the construction at Azwell, Washington of the Wells Hydroelectric Project, licensed by the Federal Power Commission, appellant public utility district brought a condemnation action against land owned by respondents. The condemnation action later was settled by stipulation and judgment in United States District Court. The stipulation did not, however, either reserve an easement or mention RCW 54.16.220, hereinafter called the Hallauer act.[1]
*221 Within 60 days of the acquisition by appellants of the property, respondents requested a perpetual easement over the land conveyed, pursuant to the Hallauer act. Appellants refused respondents' request, claiming that no perpetual easement was provided for expressly in the stipulation and judgment conveying the land and that, therefore, none was contemplated by the parties. It is the appellants' position that the respondents are without power to demand a perpetual easement because no right to such was reserved expressly in the stipulation and judgment by which the property was conveyed. Appellants argue that a fee simple was conveyed to it, that there were no restrictions on the deed allowing for a perpetual easement in the grantor and that, therefore, respondents are without power to require appellants to grant them a perpetual easement. They rely on the common-law rule to this effect expressed in Bartlett v. Bartlett, 183 Wash. 278, 48 P.2d 560 (1935).
This argument leads to the proposition that, in a contract and deed for the sale of real estate, an earlier rule of common law controls over a later statute in derogation of the common-law rule unless the statute is expressly incorporated by reference into the deed. We cannot agree.
[1] There is no vested right in an existing law  common law or statutory  which precludes its change or repeal. Truax v. Corrigan, 257 U.S. 312, 66 L.Ed. 254, 42 S.Ct. 124, 27 A.L.R. 375 (1921); Henry v. McKay, 164 Wash. 526, 3 P.2d 145, 77 A.L.R. 1025 (1931). A statute which is clearly designed as a substitute for the prior common law must be given effect. United States v. Matthews, 173 U.S. 381, 43 L.Ed. 738, 19 S.Ct. 413 (1899); Bolles v. Toledo Trust Co., 144 Ohio St. 195, 58 N.E.2d 381, 157 A.L.R. 1164 *222 (1944). Where, as here, the provisions of a later statute are so inconsistent with and repugnant to the prior common law that both cannot simultaneously be in force, the statute will be deemed to abrogate the common law. State v. Wilson, 43 N.H. 415 (1862).
It is a general rule of interpretation to assume that the legislature was aware of the established common-law rules applicable to the subject matter of the statute when it was enacted. Sullivan v. Ward, 304 Mass. 614, 24 N.E.2d 672, 130 A.L.R. 437 (1939). In ascertaining the legislative intent in the enactment of a statute, the state of the law prior to its adoption must be given consideration. Peet v. Mills, 76 Wash. 437, 136 P. 685 (1913). But where, as here, a statute is plain and unambiguous, it must be construed in conformity to its obvious meaning without regard to the previous state of the common law. Northridge v. Grenier, 278 Mass. 438, 180 N.E. 226 (1932).
[2, 3] Appellants also contend the trial court erred in sustaining objection to the testimony of their real estate appraisers, offered as rebuttal to respondents' direct testimony that they never intended a waiver of their rights under the Hallauer act.
"Waiver" is an intentional relinquishment of a known right, but the existence of an intent to waive that right must clearly appear in order to show a waiver. O'Connor v. Tesdale, 34 Wn.2d 259, 209 P.2d 274 (1949). The testimony which the trial court refused to admit, at most, would have demonstrated the true value of land without the grant back of a perpetual easement. It would not have shown respondents' waiver of their right to such access under the Hallauer act. Admission of rebuttal evidence is within the trial court's discretion. W.E. Roche Fruit Co. v. Northern Pac. Ry., 184 Wash. 695, 52 P.2d 325 (1935). We find no abuse of that discretion.
[4, 5] Appellants next argue that the Hallauer act violates article 8, section 7 of the Washington State Constitution which forbids a municipal corporation from giving "any ... property ... to or in aid of any individual." *223 The appellant public utility district is a municipal corporation. Roehl v. PUD 1, 43 Wn.2d 214, 261 P.2d 92 (1953). Respondents are clearly "individuals" within the contemplation of article 8, section 7.
We cannot, however, find a gift under the facts of this case. We have previously held the Hallauer act applies. By its terms appellants did not receive complete control of all the rights in respondents' land until the passage of the time period within which respondents could request a perpetual easement. When that timely request was made, appellants were required to grant the perpetual easement. It was not a gift of something they had the power to refuse, but rather confirmation in respondents of an absolute right they had until the passage of time mentioned in the act. As such, there was no intent to give by the appellants, but simply the confirmation of a right never divested from respondents. The elements of a gift were not present and the constitutional provision does not apply. In re Estate of Slocum, 83 Wash. 158, 161, 145 P. 204 (1915); Oman v. Yates, 70 Wn.2d 181, 422 P.2d 489 (1967).
The judgment of the trial court is affirmed.
HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.
Petition for rehearing denied March 4, 1974.
NOTES
[1] RCW 54.16.220. "Columbia river hydroelectric projects  Grant back of easements to former owners. Notwithstanding any other provision of law, every public utility district acquiring privately owned lands, real estate or property for reservoir purposes of a hydroelectric power project dam on the Columbia river, upon acquisition of title to said lands, whether acquired by purchase or condemnation, shall grant back to the former owners of the lands acquired upon their request therefor, whether prior to conveyance of title to the district or within sixty days thereafter, a perpetual easement appurtenant to the adjoining property for such occupancy and use and improvement of the acquired lands as will not be detrimental to the operation of the hydroelectric project and not be in violation of the required conditions of the district's Federal Power Commission license for the project: Provided, That said former owners shall not thereafter erect any structure or make any extensive physical change thereon except under a permit issued by the public utility district: Provided further, That said easement shall include a provision that any shorelands thereunder shall be open to the public, and shall be subject to cancellation upon sixty days notice to the owners by the district that such lands are to be conveyed to another public agency for game or game fish purposes or public recreational use, in which event the owners shall remove any structures they may have erected thereon within a reasonable time without cost to the district. The provisions of this section shall not be applicable with respect to: (1) lands acquired from an owner who does not desire an easement for such occupancy and use; (2) lands acquired from an owner where the entire estate has been acquired; (3) lands acquired for, and reasonably necessary for, project structures (including borrow areas) or for relocation of roads, highways, railroads, other utilities or railroad industrial sites; and (4) lands heretofore acquired or disposed of by sale or lease by a public utility district for whatsoever purpose."